362 So.2d 1217 (1978)
NEW ORLEANS MORTGAGE COMPANY, INC.
v.
CITY OF KENNER, Acres, Inc., and Wegro, Inc.
No. 9365.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
*1218 O'Keefe, O'Keefe & Berrigan, E. John Litchfield, New Orleans, for plaintiff-appellant, New Orleans Mortgage Co., Inc.
H. A. Vondenstein, Kenner, for defendant-appellee, the City of Kenner.
Before SAMUEL, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
This appeal from the 24th Judicial District Court for the Parish of Jefferson is from the maintenance by the trial court of an exception of "judicial estoppel" in favor of defendant, City of Kenner. Plaintiff, New Orleans Mortgage Company, filed the instant suit seeking to recover certain surplus funds generated from paving improvement assessments levied by the City of Kenner on certain property (described specifically in plaintiff's amended petition) owned by plaintiff.
Other pertinent facts relative to this suit were stipulated to by the parties in a "General Stipulation of Facts," filed into the record on November 22, 1977. The stipulations are as follows:
"2. That on August 9, 1965 the City of Kenner adopted an ordinance known as Local Assessment Ordinance # 3 of 1965. That ordinance levied a local paving assessment against each lot or parcel of ground abutting certain improvements to be made in the area of the City of Kenner known as the University City Subdivision, which area includes the property described in Paragraph XI of the petition of New Orleans Mortgage Company, Inc. That assessment was levied in proportion that the frontage of each lot or parcel of land bore to that of all the abutting lots or parcels of real estate to be improved. At the time of that assessment, the property at issue in the instant lawsuit was included in that front footage assessment and was then owned by Acres, Inc., against whom the original assessment was recorded.
"3. That on September 13, 1965 the City of Kenner Board of Aldermen adopted an ordinance authorizing the issuance of special paving certificates to pay the cost of the aforementioned paving improvements, confirming the sale of those certificates, providing for the security and payment thereof and entering into certain covenants and agreements in connection with these paving certificates. Pursuant to this ordinance, the City of Kenner issued the paving certificates and created a `Paving Certificate Sinking Fund' into which all proceeds of this assessment ordinance were to be deposited, which fund was a trust account used to receive these deposits and pay the principal and interest on the paving certificates.
"In the early part of 1973, sufficient funds were accumulated to discharge the amounts due the holders of the paving certificates and all paving certificates were paid and cancelled.
"4. That on September 19, 1973, Wegro, Inc. and Acres, Inc. filed in this Honorable Court, a suit entitled Acres, Inc. and Wegro, Inc. vs. The City of Kenner and The Consolidated Sewerage District of the City of Kenner, No. 156-208, 24th Judicial District Court, Division "E". In that suit, plaintiffs, Acres, Inc. and Wegro, Inc. made the following allegations:

*1219 (a) That plaintiffs, on August 9, 1965, the date of adoption of the special paving assessment ordinance referred to in § 2 of this document, were the owners of certain pieces of property in the University City Subdivision of the City of Kenner, including the property made the basis of the instant suit. These lots were encumbered with the special assessment aforementioned.
(b) That plaintiffs, Wegro, Inc. and Acres, Inc., did, in fact, discharge these assessments against the property in question and were thus entitled to any refunds due from the surpluses generated by the assessments against those properties.
"5. This Honorable Court received those allegations and considered them in the matter entitled Acres, Inc. and Wegro, Inc. vs. The City of Kenner and the Kenner Consolidated Sewerage District. In that matter, the Court on February 26, 1975, made the following findings:
(a) That the funds collected on the paving assessments in question could be expended for no other purpose than the cost of the paving construction improvements, and that the surpluses accumulated were thus necessarily refundable to the party who discharged the lien against said property.
(b) That the City of Kenner and the Consolidated Sewerage District were entitled to retain the interest accumulated on said surplus while it was in their possession.
(c) That Acres, Inc. did in fact discharge the liens against said property by virtue of the fact that those corporations sold those properties at market value, and not at the value of the raw land plus the cost of the improvements.
"6. That the issue of who discharged the liens against the property made the basis of the instant suit filed by New Orleans Mortgage Company, Inc., was specifically litigated in the matter of Wegro, Inc. and Acres, Inc. vs. City of Kenner and Consolidated Sewerage District of the City of Kenner. It was adjudged in that suit that Acres, Inc. did in fact discharge those liens and was thus entitled to receive funds due thereon.
"7. That plaintiff in the instant matter, New Orleans Mortgage Company, Inc., was duly notified of the pendency of Acres, Inc. and Wegro, Inc. vs. The City of Kenner and Consolidated Sewerage District of the City of Kenner, et al. That, while plaintiff and defendant are able to stipulate that plaintiff was notified of the pendency of that suit, plaintiff and defendant are unable to stipulate as to plaintiff's knowledge that the aforementioned suit involved the same claims asserted by plaintiff herein as to the same lien refunds on the same property. That plaintiff in the instant matter seeks to raise the same claims against the City of Kenner that were raised in that former lawsuit in that plaintiff herein seeks to have adjudicated to them the same lien refunds on the same property. That in spite of the fact that plaintiff herein was notified of the pendency of that suit, plaintiff herein failed to intervene and assert its rights.
"8. Pursuant to judgment rendered in Acres, Inc. and Wegro, Inc. vs. City of Kenner, the City of Kenner has in fact disbursed the surpluses accumulated on said liens to Acres, Inc. in the manner ordered by this Court and thus is no longer in possession of same."
Record, pp. 60-63.
The trial judge properly concluded that the exception of res judicata, filed by defendant City of Kenner, should be overruled because the three requisite identities for res judicata to apply were not present. C.C. Art. 2286. Identity of the parties, the thing demanded, and the cause, are all required *1220 because res judicata must be applied stricti juris, and it cannot be invoked unless all of its necessary elements are present. Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974); Hancock v. Lincoln American Life Insurance Company, 278 So.2d 561 (La.App. 1st Cir. 1973).
It is conceded in this case that there exists identity of the thing demanded and the cause. However, clearly, plaintiff New Orleans Mortgage Company was not a party to the earlier suit and the requisite identity of parties is not present. Because the exception of res judicata should never be maintained if there is any doubt whatsoever regarding the correctness of its application, the exception was properly overruled. Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346 (La.App. 1st Cir. 1973), writ refused, 293 So.2d 170; Simon v. Broussard, 216 So.2d 668 (La.App. 3rd Cir. 1968); Johnson v. Sweat, 265 So.2d 801 (La.App. 3rd Cir. 1972), writ refused, 267 So.2d 211.
The so-called doctrine of judicial estoppel was applied by the trial judge as an equitable alternative to res judicata. Judicial estoppel has been applied where the requirements of res judicata are not met when it appeared that a relitigation of the same issues would be fruitless and inequitable. Brown v. Globe Tool & Engineering Co., 337 So.2d 894 (La.App. 4th Cir. 1976). However, the Louisiana Supreme Court, in a very recent case, once again reiterated, in extremely clear language, that "[c]ollateral estoppel is a doctrine of issue preclusion alien to Louisiana law" and "none of the variations of the common law doctrines of res judicata apply in Louisiana." Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156, 157 (La.1978). This ruling should make it clear that only the narrow civilian concept of res judicata, with full compliance with the "three identities" requirement, is applicable in Louisiana.
The trial judge pointed out, in his Reasons for Judgment, that the City of Kenner, through Mr. Vondenstein, City Attorney, gave notice to plaintiff, New Orleans Mortgage Company, that the Acres, Inc. and Wegro, Inc. case was pending, and that
"Mr. Vondenstein further made known to those persons that the Acres and Wegro case concerned liens on property which had subsequently come into possession of New Orleans Mortgage and that New Orleans Mortgage might have a valid claim to the lien refunds sought by Acres and Wegro in that matter. These principals, however, chose not to intervene on behalf of New Orleans Mortgage in Acres and Wegro and thus, as neither party to that judgment appealed the finding of the Court therein, the judgment became final adjudicating the refunds in question to Acres, Inc. and Wegro, Inc." Record, p. 67.
For those reasons, the trial judge saw no inequity in denying plaintiff the right to have its interest represented on this issue. The above conclusions were reached by the trial court because of Stipulation No. 7 agreed to by the parties in their General Stipulation. However, as pointed out by counsel for plaintiff, the stipulation clearly states that, although notice was given, the parties do not agree on whether New Orleans Mortgage Company had knowledge that the Acres, Inc. and Wegro, Inc. case concerned liens on the same property.
As argued in plaintiff's motion for a new trial, there was absolutely no evidence to prove what form of notice of the first case was given to New Orleans Mortgage Company. It is apparent that the proceedings in this case were not allowed to go far enough so as to permit the presentation of such essential evidence.
Accordingly, the judgment rendered below, sustaining defendant's exception of judicial estoppel and dismissing petitioner's claim, is reversed; that exception is overruled; and the matter is remanded to the trial court for further proceedings consistent with law.
REVERSED AND REMANDED.