372 So.2d 652 (1979)
James M. McKEAN et al., Plaintiffs and Appellants,
v.
William T. CAMPBELL et al., Defendants and Appellees.
No. 12582.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*653 Richard A. Thompson, New Orleans, for James M. McKean.
William T. Campbell, in pro. per.
John V. Parker, Baton Rouge, for William T. Campbell, and Carmae Corp.
Before ELLIS, LOTTINGER and BAILES, JJ.
LOTTINGER, Judge.
This case is on appeal from the trial court's maintaining of defendant's exception of res judicata. Plaintiffs, James and Glenda McKean, brought this action against the defendants, William T. Campbell, Robert and Charles Palmer, a law partnership d/b/a Palmer and Palmer, Thomas Sanders, former Sheriff of Tangipahoa Parish, Frank Edwards, Sheriff of Tangipahoa, and Carmae Corporation, in connection with the sale of property located in Tangipahoa Parish. The trial judge sustained the defendant's, William T. Campbell, exception of res judicata and plaintiffs have appealed.
On March 15, 1965 plaintiffs purchased a dairy farm from the defendant. The deed was recorded on April 13, 1965; however, prior to the recordation of the deed a notice of lis pendens was filed in Industrial Molasses Corp. d/b/a Manard Molasses Co. v. Bruce White, Mildred Fortenberry Smith and William T. Campbell.[1] Plaintiffs knew nothing of the notice until sometime in 1967 when they attempted to refinance the conventional mortgage on the property. The plaintiffs requested that the defendant remove the cloud on their title, which he failed to do. The property was seized and sold in executory process. Plaintiffs attempted to annul the sheriff's sale in James *654 and Glenda McKean v. Carmae Corp., et al,[2] but were unsuccessful.
In federal court plaintiffs filed two suits, of which only one is relevant to the present exception, number 69-14, James M. McKean and Glenda McKean v. William T. Campbell filed in the Eastern District of Louisiana, Baton Rouge Division. In that action plaintiffs pleaded fraud on the part of Mr. Campbell in an attempt to gain retribution for the losses suffered from the sale of their property.
Plaintiffs' action in federal court was dismissed as a result of "the failure of plaintiffs or their counsel to appear for the pre-trial conference." There is no dispute that the action in federal court is final, and that the dismissal acts as a bar to any subsequent identical action in state court. Fed.R. of Civ.Proc. rule 41(B), Bankston v. Aetna Casualty & Surety Co. of Hartford, Conn., 213 So.2d 51 (La.App. 1st Cir. 1968) writ refused 252 La. 954, 215 So.2d 126 (1968).
On April 17, 1973 the plaintiffs filed their present action, and in January of 1977 amended and supplemented their petition. In response to this suit, defendant William T. Campbell filed his res judicata exception based on plaintiffs' action in federal court, and the trial judge sustained the exception.
Plaintiffs' appeal asserts that the trial court erred in (1) sustaining appellee's peremptory exception of res judicata and (2) dismissing the plaintiffs' entire suit, since certain causes of action were not barred by the prior judgment.

ERRORS NOS. 1 AND 2
In order for an exception of res judicata to be maintained the subsequent action must (1) contain the same parties, (2) be based on the same "cause" and (3) the thing demanded must be the same. La.C.C. art. 2286, Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), Mitchell v. Bertolla, 340 So.2d 287 (La.1976). In Sliman v. McBee, 311 So.2d 248 (La.1975) the Supreme Court concluded the civilian definition of "cause" in the area of res judicata to be "the legal obligation upon which the action is founded."
Louisiana jurisprudence is very clear that res judicata is stricti juris. Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974), New Orleans Mortgage Company, Inc. v. City of Kenner, 362 So.2d 1217 (La.App. 4th Cir. 1978). A final judgment has the authority of res judicata only to those issues presented in the pleadings and conclusively adjudicated by the court, and where any doubt exists the second suit will be maintained. McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La.1973), Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346 (La. App. 1st Cir. 1973) writ denied 293 So.2d 170 (La.1974).
The question before the Court is whether the causes presented in this action are identical to those presented in the federal proceeding. For a detailed discussion of "identity of cause," see Mitchell v. Bertolla, supra. In Mitchell, plaintiff in an earlier suit sought to nullify a lease for nonpayment of rent and for lesion beyond moiety. It was those juridical facts upon which she based her claim, and with which she defended a suit by defendant for specific performance. The Supreme Court held that each was a "cause" of the earlier suit; however, the "cause" of the suit then before the court was fraud, lack of consideration, and others. Thus, the Supreme Court held that res judicata did not apply as there was no identity of cause.
We have thoroughly examined the various petitions in the record. The suit filed in federal court was based on fraud, whereas the action in state court contains various causes including breach of warranty and unjust enrichment.
Appellee argues that by implication both breach of warranty and unjust enrichment *655 were presented in the federal suit and are thus barred by its dismissal. Although the factual situation is identical in both cases, this court has serious doubts as to whether by implication the causes of breach of warranty and unjust enrichment were presented in the federal action. Therefore, where any doubt exists, the controlling jurisprudence is clear that plaintiffs are favored, and therefore the exception of res judicata is overruled as to those causes which have not been adjudicated.
Therefore, for the above and foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings; appellee to pay all costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] This suit appears as Docket Number 29324 in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa.
[2] This suit appears as Docket Number 34016 in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa.