BARRY, Judge.
Plaintiffs appeal a judgment which dismissed their lawsuit based upon defendants’ peremptory exception of res judicata.
Plaintiffs originally sued for damages because of personal injuries resulting from an alleged attack by the defendants. Subsequently, plaintiffs’ attorney withdrew by written notice and new counsel was substituted. On the day of trial plaintiffs and their attorney failed to appear and their petition was dismissed. Five days later plaintiffs’ original attorney enrolled again and he filed a motion for a new trial, but the motion was summarily denied when plaintiffs and their attorney did not appear. Plaintiffs appealed and also filed a motion to remand: the remand was denied and the appeal dismissed. Seaton v. Martin, 376 So.2d 510 (La.App. 4th Cir. 1979).
Plaintiffs then filed a petition for nullity of the judgment which dismissed their lawsuit, alleging they did not receive notice of the trial.[1] Defendants pleaded res judicata because the “... matter had been heard by the Fourth Circuit Court of Appeal and a final judgment therein was rendered.” The district court' maintained the exception and plaintiffs now appeal urging that their claim of ill practices has never been considered and their petition for nullity is unrelated to the prior appeal.
The essential elements of res judicata are found in LSA-C.C. Art. 2286 which provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
Our jurisprudence has consistently held that the requirements enumerated in the above article are stricti juris and each element must be present to sustain a plea of res judicata. Alexander v. Alexander, 196 So.2d 628 (La.App. 1st Cir. 1967).
. In the prior suit the cause of action was for damages, whereas the instant action alleging ill practices is to set aside the prior judgment. The issue of ill practices was *742 not adjudicated in the prior litigation and if there were, in fact, ill practices then the original judgment would be void ab initio.
We feel it is clear that the petition for damages in Seaton v. Martin, supra, and the instant petition for nullity are different causes of action and res judicata is not applicable. Plaintiffs are entitled to proceed with their petition for nullity based upon ill practices and the district court judgment to the contrary was error.
Accordingly, the judgment of the district court sustaining the plea of res judicata is set aside and reversed and this matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are to be paid by the defendants and all other costs are to await a final determination on the merits.

REVERSED AND REMANDED.

. C.C.P. Art. 2001. “The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006.”
C.C.P. Art. 2004. (in pertinent part) “A final judgment obtained by fraud or ill practices may be annulled.”