GUIDRY, Judge.
Plaintiff-appellant, Continental Insurance Company (hereafter Continental), instituted this action against defendant-ap-pellee, Joseph Lute, Jr., seeking a declaratory judgment decreeing that Continental is entitled to discontinue payment of workmen’s compensation benefits to Lute. From a judgment of the trial court sustaining Lute’s exception of res judicata, Continental has perfected the present appeal.[1]
The facts are undisputed. On January 21, 1978, while in the course and scope of his employment, defendant, Joseph Lute, Jr., was involved in an automobile accident in which he received permanently and totally disabling injuries. At the time of the accident, Lute was employed by Pendleton Guard and Security Service, Inc. (hereafter Pentleton) and was working at the instance of his employer at the Hercules, Inc. plant (hereafter Hercules) located near Lake Charles, Louisiana. Plaintiff-appellant, Continental, is the workmen’s compensation insurer of Pendleton. The accident occurred when William J. Rogers ran a stop sign and collided with the vehicle driven by Lute and owned by Hercules. As a result of the aforesaid accident, Lute instituted a tort action against Rogers, his insurance carrier, Dairyland Insurance Company, and Hercules’ automobile liability insurance carrier, Aetna Life and Casualty Company, the latter, pursuant to the uninsured motorist provisions of the policy issued to Hercules on the automobile driven by Lute. Thereafter, Continental intervened in the aforesaid suit to recover those amounts paid to Lute in workmen’s compensation benefits and for medical expenses.
Rogers and Dairyland were dismissed from the suit upon payment of $5,000.00 representing the extent of the liability insurance policy issued by Dairyland to Rogers. The aforesaid sum was paid to Continental pursuant to its intervention. The remaining action against Aetna was tried and the trial court held in favor of plaintiff and against Aetna awarding to plaintiff the sum of $693,750.00 plus legal interest. Continental’s intervention was dismissed since Lute’s suit against Aetna was filed pursuant to the uninsured motorist provisions of the automobile liability insurance policy issued by Aetna to Hercules.[2] The trial court *45 judgment, insofar as it rejected Continental’s claim for reimbursement from the proceeds of the judgment rendered in favor of Lute and against Aetna, was affirmed by us on appeal by judgment rendered February 4, 1981. See Lute v. City of Lake Charles, et al., 394 So.2d 736 (La.App. 3rd Cir. 1981).
On or about April 2, 1981, Aetna paid to Lute a sum in excess of $800,000.00 in satisfaction of the aforesaid judgment. Thereafter, Continental filed the instant petition for declaratory relief seeking a judgment decreeing that it is entitled to discontinue payment of workmen’s compensation benefits to Lute in light of Lute’s sizeable recovery from Aetna.
The issue presented on appeal is whether the present suit for declaratory relief is barred by the doctrine of res judicata.
In order for an exception of res judi-cata to be maintained, the subsequent action must (1) be between the same parties, (2) be based on the same cause of action, and (3) the thing demanded must be the same. La.C.C. Art. 2286; Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La. 1976); McKean v. Campbell, 372 So.2d 652 (La.App. 1st Cir. 1979).
In McKean v. Campbell, supra, our brethren of the First Circuit stated:

“Louisiana jurisprudence is very clear that res judicata is stricti juris. Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974), New Orleans Mortgage Co., Inc. v. City of Kenner, 362 So.2d 1217 (La.App. 4th Cir. 1978). A final judgment has the authority of res judicata only to those issues presented in the pleadings and conclusively adjudicated by the court, and where anv doubt exists the second suit will be maintained. McNeal v. State Farm Mutual Automobile Insurance Co., 278 So.2d 108 (La. 1973), Olsen Engineering Corporation v. Hudson Engineering Corporation, 289 So.2d 346 (La.App. 1st Cir. 1973), writ denied, 293 So.2d 170 (La.1974).”

It is readily apparent, and presumably the parties agree, that the demand in the instant matter and in the prior suit entitled Lute v. City of Lake Charles, supra, is based on the same cause of action and that such demand is between the same parties. However, Continental urges that the thing demanded in the present case is not the same, thus, the doctrine of res judicata is inapplicable. We disagree. As stated by the trial judge in his written reasons for judgment:

“The thing demanded in the appealed case was whether Continental was entitled to any of the proceeds owed by Aet-na to Lute under its UM coverage. The thing demanded in the instant action is whether Continental is entitled to discontinue compensation payments it is presently making due to Lute receiving a large sum of money (over $800,000.00) from Aetna. Regardless of how the thing demanded is phrased, that which was demanded as intervenor in the appealed case and that which is being demanded in its capacity as plaintiff in the instant case are the same: relief from its obligation to pay workmen’s compensation benefits out of the proceeds owed or paid by Aetna to Lute.”

After thoroughly reviewing plaintiff’s petition, we conclude, as did the trial court, that the thing demanded in the instant suit is the same as that demanded in the prior action. Therefore, all of the necessary requisites for the application of the doctrine of res judicata as set forth in La.C.C. Art. 2286 have been met under the instant circumstances.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant, Continental Insurance Company.
AFFIRMED.

. In addition, the trial court, on its own motion, noted that Continental’s petition failed to state a cause or right of action. See LSA-C.C.P. Art. 927.

. In Gentry v. Pugh, 362 So.2d 1154 (La.App. 2d Cir. 1978), writ denied, 363 So.2d 922 (La. 1978), the court held that a workmen’s compensation insurer may not recover from an Uninsured Motorist carrier those amounts it *45 has paid under the Workmen’s Compensation law to the employee whose compensable injury was caused by an uninsured/underinsured tort-feasor.