CIACCIO, Judge.
Plaintiffs, the collateral relatives and presumptive intestate heirs of James Mitchell Rogers, have brought this action seeking revocation of the donation mortis causa by James M. Rogers to defendant, The Administrators of the Tulane Educational Fund (Tulane). Plaintiffs allege that Tulane failed to fulfill the condition imposed upon the legacy by the testator, i.e., the construction of a non-sectarian chapel on the campus of Newcomb College of Tulane University, memorializing decedent’s late sister, Myra Clare Rogers. Following a trial on the merits, the trial court dismissed the plaintiffs’ suit and the plaintiffs filed this devolutive appeal.
James Mitchell Rogers, testator, died in March 1959. He left a last will dated July 9,1954, which revoked all previous wills and bequeathed his entire estate to Tulane,
“for the construction of a non-sectarian chapel on the campus of Newcomb College of Tulane University. This chapel, which shall be of such size and design as to serve the needs of the University, shall be known forever and marked as the Myra Clare Rogers Memorial Chapel, and is given by me to serve as an everlasting memorial of her life and service to the community as a member of the faculty of Newcomb College.”
Tulane, seized of all estate assets in 1959, successfully sued to invalidate a codicil prohibiting alienation of any real estate.[1]
In 1972 the same individuals who are plaintiffs-appellants in this action sued to nullify the donation mortis causa for Tulane’s failure to build the chapel. Tulane had not commenced any type of construction. The trial court found defendant’s delay unreasonable and granted Tulane a deadline within which to perform, viz., 18 months to complete the chapel. This Court affirmed, but amended the trial court judgment and ordered that construction begin within twelve months and that the chapel should be completed within 24 months, and, on rehearing, absent delays beyond Tulane’s control. Braquet et al v. The Administrators of the Tulane Educational Fund, 304 So.2d 720 (La.App. 4th Cir. 1974).
On May 2, 1977, plaintiffs filed the instant suit seeking an accounting from Tulane alleging that the condition imposed by James M. Rogers upon the legacy has not been fulfilled. It is not disputed that funds derived from the James M. Rogers Estate were used by Tulane to construct a building which, on May 14, 1976, was dedicated and named the Myra Clare Rogers Memorial Chapel. The plaintiffs complain that this building is not in compliance with the will of the testator because it accommodates religious and non-religious activities and does not memorialize Myra Clare Rogers.
Plaintiffs argue on appeal that certain facts concerning the nature of the chapel were decided in Braquet et al v. The Administrators of the Tulane Educational Fund, supra, and are res judicata. Secondly, the plaintiffs argue that the testator’s intentions were misinterpreted by the trial court so as to make them violate the Louisiana Constitution in that the building houses the Judeo-Christian Chair of Religion. Additionally, plaintiffs complain that the trial court erred in holding that Tulane has satisfied the intent of the testator by building the Myra Clare Rogers Memorial Chapel.
The issues presented for consideration on this appeal are (1) Did the holding in Bra-quet et al v. The Administrators of the Tulane Educational Fund, supra, establish as res judicata facts concerning the nature of the chapel to be built? (2) Did the trial court interpret the will as requiring the fulfillment of an unconstitutional condition? (3) Did the building of the Myra Clare Rogers Memorial Chapel fulfill the intent of the testator?

Res Judicata

Plaintiffs argue in brief that this Court’s decision in Braquet et al v. The Administrators of the Tulane Educational Fund, supra, *33 established as res judicata that in order to fulfill the intent of the testator Tulane had to (1) build a traditional chapel (2) memorializing Myra Clare Rogers, and only her, (3) within 24 months of August 1, 1974.[2] Also established as res judicata by the decision in Braquet et al v. The Administrators of the Tulane Educational Fund, supra, plaintiffs argue, was (4) that a multi-purpose building was not what the testator intended and (5) that the chapel was to be marked and forever known as the Myra Clare Rogers Memorial Chapel with a specifically worded plaque installed.[3]
In Louisiana, res judicata is stricti juris; “a final judgment has the authority of res judicata only to those issues presented in the pleadings and conclusively adjudicated by the court.” See: Lambert v. Maryland Casualty Company, 403 So.2d 739 (La.App. 4th Cir. 1981); Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974); McKean v. Campbell, 372 So.2d 652 (La.App. 1st Cir. 1979); New Orleans Mortg. Co., Inc. v. City of Kenner, 362 So.2d 1217 (La.App. 4th Cir. 1978); McNeal v. State Farm Mutual Automobile Ins. Co., 278 So.2d 108 (La.1973); Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346 (La.App. 1st Cir. 1974). Louisiana application of the doctrine of res judi-cata establishes a presumption of correctness and precludes re-litigation of the object of a judgment only when there is (1) identity of the parties, (2) identity of “cause”, and (3) identity of the “thing” demanded. La. Civil Code Art. 2286; Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981); R.G. Claitor’s Realty v. Juban, 391 So.2d 394 (La.1980); Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Mitchell v. Bertolla, 340 So.2d 287 (La.1976). For these purposes “cause” refers to the fact or facts which give rise to the judicial relief sought. See: Lege v. United States Fidelity and Guaranty Company, 186 So.2d 670 (La.App. 3d Cir. 1966), writ refused, 249 La. 478, 187 So.2d 448.
This Court in its opinion in Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, at p. 721, identified as the single issue presented “whether Tulane must return the legacy for failure to meet the condition of the onerous donation within a reasonable time.” At the time of the rendition of the judgment by this Court in Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, Tulane had not commenced the building of any structure in connection with the Rogers legacy. The holding of this Court in Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, at p. 724, ordered “defendant to complete construction of the Chapel within 24 months of the time this judgment becomes final or to take steps to place the plaintiffs herein in possession of the estate if the chapel has not been completed within the time allotted.”[4] Neither the issue identified by the Court nor the holding of the court concerned the nature, type, quality, usage or specifications of the chapel that the testator intended Tulane to build.
*34 The fact which gave rise to the judicial relief sought in Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, was the failure of Tulane to construct anything with the proceeds of the Rogers' estate. The fact which gives rise to this present case is plaintiffs’ complaint that what Tulane has built is not the “chapel” intended by the testator.
There exists a lack of “identity of ‘cause’ ” between Braquet et a 1. v. The Administrators of the Tulane Educational Fund, supra, and this present action. Plaintiffs’ exception to certain facts as res judi-cata, therefore, cannot be sustained.

Interpretation of the condition imposed upon the legacy

Plaintiffs complain that the trial court misinterpreted the testator’s intentions so as to make them violate the Louisiana Constitution. The violations alleged by plaintiffs concern the creation of a Judeo-Chris-tian Chair of Religion by Tulane, and the conducting of classes, lectures, and seminars in religion by Tulane, these activities taking place in the Myra Clare Rogers Memorial Chapel.
The will of James M. Rogers required as a condition of the legacy that Tulane construct a chapel memorializing his late sister Myra Clare Rogers. The will did not in any way prohibit or require Tulane to engage in any form of religion related academic instruction. A review of the court record in this case reveals that the trial court did not interpret the will as requiring Tulane to engage in any form of religious instruction. As such, the issue of whether Tulane’s activities are constitutional is not properly a part of this action. It was not ruled upon by the trial court and will not be considered by this Court. The real issue properly presented to the trial court and to this Court on appeal from the trial court’s judgment is: Did the building by Tulane of the Myra Clare Rogers Memorial Chapel satisfy the intent of the testator?

Fulfillment of the testator’s intent

The plaintiffs argue that the building erected by Tulane does not comply with the intent of the testator because the building facilitates both religious and non-religious activities and does not memorialize Myra Clare Rogers. In his reasons for judgment the trial court stated “that the intent of the testator has clearly been fulfilled by the construction of a non-sectarian chapel in memory of Myra Clare Rogers on the campus of Newcomb College of Tulane University.” The question which this Court must answer is whether this factual determination by the trial court should be disturbed. The finding of the trial court should not be disturbed if the record establishes that the finding is not clearly wrong or manifestly erroneous. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The testament provides the best evidence of the testator’s intent. Dated July 9, 1954 it bequeathed as follows:
“I leave my estate existing at the date of my death to the Administrators of the Tulane Educational Fund for the construction of a non-sectarian chapel on the campus of Newcomb College of Tulane University. This chapel, which shall be of such size and design as to serve the needs of the University, shall be known forever and marked as the Myra Clare Rogers Memorial Chapel, and is given by me to serve as an everlasting memorial of her life and service to her community as a member of the faculty of Newcomb College.”
The evidence at trial, both testimonial and documentary, established certain facts. Within the twenty-four month period established by this Court in Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, Tulane constructed the Myra Clare Rogers Memorial Chapel on the campus of Newcomb College of Tulane University. The chapel is used for traditional Catholic, Protestant, Jewish, Episcopalian and Baptist religious services, Inter-University Christian Fellowship, Judeo-Christian *35 studies, weddings, baptisms, music-recitals, lectures, seminars and classroom instruction.
At trial, two clergymen prominently active in the University religious community testified regarding their participation in the planning, building and use of the Chapel. Father Mclnnes, a Roman Catholic priest, testified that “The function of the (planning) committee was to design a building which met the religious needs of the whole of the university on (an) ecumenical and intra-religious basis.” (Tr. p. 36.) Father Smith, an Episcopal priest, testified “the chapel would be a place to meet the full spiritual needs of the people of the campus community and that included worship, teaching music, art, anything that helps a person transcend himself in relationship to God.” (Tr. p. 67) The remainder of the testimony of both these witnesses indicated that they felt the building constructed and its present use met their expectations and as such conformed with the role of a chapel “of such size and design at to serve the needs of the University.”
Evidence at trial also established that a permanent plaque is placed in the main entrance vestibule proclaiming the building to be the Myra Clark Rogers Memorial Chapel.[5] Further, all literature and announcements concerning the chapel and activities held there identify the building as the Myra Clare Rogers Memorial Chapel or, at least, the Rogers Memorial Chapel.
The trial court, in his reasons for judgment, stated that “the construction of the Myra Clare Rogers Memorial Chapel, its size and its design as a University Chapel intended to facilitate traditional religious worship, as well as counseling and other academic functions, is not contrary to the testator’s intent.” The trial court’s ultimate conclusion dispositive of the issue, as mentioned above, was “that the intent of the testator has clearly been fulfilled.” A careful review of the entire record establishes that this finding is not clearly wrong. As such, pursuant to the guidelines for appellate review of facts in civil cases as enunciated in Canter v. Koehring Company, supra, and Arceneaux v. Domingue, supra, this finding of the trial court will not be disturbed.
For the foregoing reasons the judgment of the trial court is affirmed. All costs are assessed to appellants.
AFFIRMED.

. The present plaintiffs defended that action. Succession of Rogers, 138 So.2d 251 (La.App. 4th Cir. 1962)

. August 1, 1974 is cited by plaintiffs as the date when this Court’s decision in Braquet became final.

. In his will the testator expressed the inscription he desired to be placed on the memorial plaque: “I would like for a permanent plaque to be placed in the said Chapel indicating that the chapel is given in memory of Myra Clare Rogers, who was bom on September 4, 1874, and died on May 30, 1932; who received the degrees of Bachelor of Science (Newcomb College) in 1896 and Master of Arts in 1898 from Tulane University, and the degree of Doctor of Philosophy in 1928 from the University of Chicago; who in 1900 became an instructor in Latin in the Newcomb High School and later served as its principal until it was discontinued by the College in 1921 when she became Assistant Professor of Latin at Newcomb College in which position she served with grace and scholarly distinction until her death in 1932, and represented the tradition and qualities of womanhood which the College has exemplified; and that the Chapel is given in her memory by her devoted Brother, James Mitchell Rogers.”

. On rehearing the order was amended to require completion of construction within 24 months, except for delays caused by circumstances beyond Tulane’s control. Braquet et al. v. The Administrators of the Tulane Educational Fund, supra, at 724.

. The evidence does not establish the exact words on the plaque and it is unclear whether the full content of testator’s desired wording is contained. See footnote 3. This does not, however, affect the court’s holding.