446 So.2d 893 (1984)
SHELTER INSURANCE COMPANY
v.
Michael CRUSE.
No. 83 CA 0358.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*894 Michael W. McKay, Roy, Kiesel, Patterson & McKay, Baton Rouge, for plaintiff-appellant.
John A. Lieux, Gonzales, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Plaintiff appeals a judgment of the trial court which dismissed its suit to declare an insurance policy void ab initio and to recover damages paid under the policy.
On June 1, 1981, Michael Cruse (Cruse) applied for automobile insurance with Shelter Insurance Company (Shelter). At that time Cruse, in response to questions on Shelter's insurance application, stated that he had not had any tickets or accidents within the past three years. Shelter issued a policy to Cruse.
On June 16, 1981, Cruse damaged his vehicle in a single vehicle collision and filed a claim with Shelter for payment under the policy. Shelter paid Cruse $1,855.63 over the $200.00 deductible.
After payment, Shelter discovered that Cruse had made false statements on the application regarding his driving record. Shelter sued for return of the money alleging that payment had been made under a void policy.
The trial judge dismissed Shelter's claim finding that although Shelter had proved the falsity of the statements and the materiality of the statements to the acceptance of the risk, it had not proved Cruse's intent to deceive. Shelter assigns as error on appeal the trial court's finding that Cruse did not have intent to deceive when he made false statements on the application for automobile insurance.
La.R.S. 22:619(A) provides:
Except as provided in Sub-section B of this Section and R.S. 22:692, no oral or written misrepresentation or warranty made in the negotiation of an insurance contract, by the insured or in his behalf, shall be deemed material or defeat or avoid the contract or prevent it attaching, unless the misrepresentation or warranty is made with the intent to deceive.
We observed in Davis v. State Farm Mutual Automobile Insurance Company, 415 So.2d 501, 503 (La.App. 1st Cir.1982) that,
To defeat coverage it is necessary to find an intent to deceive. The difficulty of proving intent to deceive is recognized by the courts, thus the courts look to the surrounding circumstances indicating the insured's knowledge of the falsity of the representation made in the application and his recognition of the materiality of his misrepresentations, or from circumstances which create a reasonable assumption that the insured recognized the materiality. Cousin v. Page, 372 So.2d 1231 (La.1979).
In Davis, 415 So.2d 501, the applicant denied having any tickets or accidents within the past several years when in fact both he and his wife had received several tickets. The trial court held that Mr. and Mrs. Davis did not understand the questions and consequently were telling the truth as they knew it. This court reversed the trial court's finding and held that it was unreasonable under the circumstances to believe that Mr. Davis did not understand the questions and the materiality of the questions to his obtaining insurance.
The record in this case establishes not only facts very similar to Davis, 415 So.2d 501, but also the significant fact that Cruse had previously applied for insurance from Shelter in 1977 and had been rejected. The reason given to Cruse for his rejection at that time was he had too many tickets. Therefore, Cruse obviously knew of the importance of his driving record to obtaining automobile insurance.
Accordingly, we hold that there was a misrepresentation with intent to deceive *895 and that Cruse recognized the materiality of this misrepresentation. Therefore, the insurance policy is void ab initio. Lovett v. Webb, 183 So.2d 97 (La.App. 1st Cir.1965), application not considered, 248 La. 1030, 183 So.2d 651 (1966).
Shelter further argues that once the policy is declared void ab initio then it is entitled to recover the amount paid under the policy as payment of a thing not due under La.C.C. arts. 2301 and 2302. La.C.C. art. 2302 provides that "[h]e who has paid through mistake, believing himself a debtor, may reclaim what he has paid."
In Central Surety & Ins. Corp. v. Corbello, 74 So.2d 341 (La.App. 1st Cir.1954), this court allowed an insurer to recover money paid to the insured on a policy which had expired, reasoning that since the policy was ineffective on the date of the accident, payment was not due. At the time of Cruse's accident the policy was ineffective. Consequently, the payment made under the policy was not due.
Cruse argues that Shelter's own neglect in not inspecting his driving record bars any recovery. However, negligence per se is not a bar to recovery for the payment of a thing not due. Dynamic Exploration, Inc. v. Sugar Bowl Gas Corporation, 367 So.2d 18 (La.App. 1st Cir. 1978), writ denied, 368 So.2d 142 (La.1979).
Accordingly, we reverse the trial court's judgment in favor of Cruse and hold that Shelter is entitled to recover $1,855.63, together with legal interest from judicial demand until paid. All costs are to be paid by Cruse.
REVERSED AND RENDERED.