CARTER, Judge:
This is a workmen’s compensation claim for medical expenses asserted in a rule to show cause filed on December 16, 1982.
On or about March 14, 1977, plaintiff, Willie Gross, was injured while in the course and scope of his employment with T.G. & Y. Plaintiff was treated for this work-related injury by Dr. John F. Loupe, who ultimately performed a laminectomy at the L5/S1 disc space on September 20, 1977. Dr. Loupe discharged plaintiff on March 15, 1978, with a fifteen (15) percent physical disability.
On June 1, 1978, plaintiff was involved in an automobile accident during which the vehicle in which he was riding was rearend-ed. As a result of this accident, plaintiff incurred injuries for which he settled with the tortfeasor for $5,000.00. Later during 1978, in a non-work-related incident, plaintiff slipped and fell. As a result of these two occurrences, plaintiff returned to Dr. Loupe, who referred plaintiff to Dr. S. Henry LaRocca on November 5, 1978.
On March 13, 1980, plaintiff underwent surgery at the Touro Infirmary for a repeat rupture of a disc in the low back. *1287 When plaintiff submitted medical bills for the March 13 surgery to defendant for payment, defendants denied payment as not being related to the injury of March, 1977.
On September 9, 1981, plaintiff filed a rule to show cause why defendants should not be condemned to pay the medical expenses incurred as a result of the second surgery, as well as penalties and attorney’s fees. The trial judge overruled the rule to show cause and dismissed the action on October 13, 1981.
Subsequently, on December 16, 1982, plaintiff filed another rule to show cause why the same medical expenses that were previously denied in addition to others should not be paid by defendants. Plaintiff again requested penalties and attorney’s fees.
Defendants then filed an exception of res judicata maintaining that the subject matter of the present rule had previously been heard and that judgment regarding those medical expenses had been rendered previously.
The trial court sustained the exception of res judicata as it pertained to that portion of the rule to show cause concerning those medical bills which were the subject of the rule to show cause of September 9, 1981 and judgment of October 13,1981. Certain other medical bills were considered by the trial court, and defendants were ordered to pay those expenses. The trial court, however, denied plaintiff’s claim for penalties and attorney’s fees. From this judgment, plaintiff appeals.
Plaintiff assigns as error the following:
(1) The trial court erred in sustaining defendant’s exception of res judicata as to medical bills from Dr. S. Henry La-Rocca and the Touro Infirmary;
(2) The trial court erred in denying plaintiff’s claim for medical expenses for drugs, Dr. Alan N. Jacobs’ bill, a bill from the St. Charles General Hospital, and other medical expenses because they were not the result of plaintiff’s work-related injury; and,
(3)The trial court erred in denying plaintiff’s claim for penalties and attorney’s fees upon defendant’s failure to pay medical expenses within sixty days.
The contested medical expenses can be conveniently divided into two categories; those included in a prior rule that was dismissed and those newly asserted in the present rule. Those expenses asserted in the prior rule were the subject of the plea of res judicata and of the remaining items, some were allowed and some disallowed.
EXCEPTION OF RES JUDICATA
Plaintiff contends that the trial court erred in sustaining defendant’s exception of res judicata. Plaintiff maintains that the trial court did not have sufficient medical information upon which to base its ruling on the first rule to show cause and that the court should therefore have entertained the second rule to show cause on the medical bills once such information was available.
In order for an exception of res judicata to be maintained, the subsequent action must (1) be between the same parties, (2) be based on the same cause of action, and (3) the thing demanded must be the same. LSA-C.C. art. 2286; Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978), on remand, 365 So.2d 586 (La. App. 1st Cir.1978), affirmed in part and reversed in part, 393 So.2d 270 (La.App. 1st Cir.1980); Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Continental Ins. Co. v. Lute, 418 So.2d 43 (La.App. 3rd Cir.1982), writ denied, 429 So.2d 142 (La.1983); McKean v. Campbell, 372 So.2d 652 (La. App. 1st Cir.1979).
In the case sub judice, the same parties, Gross, Continental Insurance Company, and City Products Corporation d/b/a T.G. & Y. Stores, were before the court on a rule to show cause again demanding payment of medical expenses which had been previously rejected at the prior rule. Clearly, the trial judge was correct in sus- *1288 taming defendants’ exception of res judica-ta to those items.[1]
DENIAL OP MEDICAL EXPENSES
Plaintiff contends that it was error for the trial court to deny his claim for medical expenses for (1) drugs, (2) Dr. Alan N. Jacobs, and (3) St. Charles General Hospital. Plaintiff contends that he is entitled to all necessary treatment to relieve pain resulting from a work-related injury, which he maintains the aforementioned bills represent. Plaintiff argues that defendants’ failure to establish a non-work-related cause for his injuries is fatal to the defense against his claim for the medical expenses.
The trial judge succinctly set forth the following reasons for judgment, which provide in pertinent part:
“The Court has under consideration the following bills:
1. Dr. Richard L. Levine
2. Whitey Surgical Supplies
3. Drugs
4. Dr. H. LaRocca ($500.00 only)
5. Dr. A. Jacobs
6. St. Charles General Hospital
Plaintiff testified at the court hearing regarding these bills. The only medical evidence offered by plaintiff was the deposition of Dr. LaRocca, dated April 16, 1982. The bill of Dr. Jacobs is for services rendered in November, 1982 and the bill of St. Charles General Hospital is for the period 11/8/82 to 11/12/82. There is no evidence that these medical charges are related to the accident sued on.
The bill of Whitey Surgical Supplies in the amount of $185.50 is dated 3/10/80 and is for a chair back brace and was ordered by Dr. LaRocca. Defendant is ordered to pay this bill. The $500.00 charge of Dr. LaRocca is also ordered paid by defendant as is the $439.06 bill of Dr. Levine.
All of the charges for drugs are denied for lack of sufficient evidence that they are related to the accident which forms the basis of this suit.
Defendant has resisted payment of the above bills, contending that plaintiff was involved in an automobile accident prior to surgery performed by Dr. LaRocca. However, defendant has not offered any evidence to show that Dr. LaRocca’s treatment and surgery was caused by the automobile accident.
In summary, defendant is ordered to pay the bill of Whitey Surgical Supplies in the amount of $185.50, the bill of Dr. LaRocca in the amount of $500.00 and the bill of Dr. Levine in the amount of $439.06.”
Clearly, the trial judge found that the medical expenses rejected were the result of the automobile accident, slip and fall, or a combination of the two rather than a continuation of the work-related disability. Such finding should not be disturbed absent manifest error. Canter v. Koehring Company, 283 So.2d 716 (La. 1973). We cannot say that the trial judge’s findings were manifestly erroneous.
PENALTIES & ATTORNEY’S FEES
Plaintiff contends that the defendants should be condemned to pay penalties and attorney’s fees pursuant to LSA-R.S. 23:1201.2 for its failure to pay plaintiff’s medical bills within sixty days.
This court has construed LSA-R.S. 23:1201.2 to mean that where there is a bona fide factual dispute as to whether the employee's disability was work-related, the employer has “probable cause” for refusal to pay benefits. Wright v. Red Ball Motor Freight, Inc., 315 So.2d 344 (La.App. 1st Cir.1975).
The trial judge found and the record clearly reflects that the defendants’ refusal was not arbitrary or unreasonable and that *1289 a bona fide dispute existed as to whether the expenses incurred were the result of a work-related injury.
For the above reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.

. At the first rule to show cause in 1981, the amounts of the bills of the Touro Infirmary and Dr. LaRocca were $6,040.54 and $2,280.00. At the subsequent rule to show cause in 1983, the Touro Infirmary bill was $6,048.54 and Dr. La-Rocca’s bill was $2,780.00. Although discrepancies in the amounts of the final bills exist, the record clearly reflects that the bills which were the subject of the rule in 1983 are the same bills previously before the court in the 1981 rule.