461 So.2d 410 (1984)
MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY
v.
ELECTRO CORPORATION, Southern Marine & Aviation Underwriters, Inc. and Americas Insurance Co.
No. CA-2096.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*411 Kenneth V. Faherty, Hulse, Nelson & Wanek, New Orleans, for plaintiffs/appellants.
John B. Scofield, Rudie R. Soileau, Jr., Scofield, Bergstedt, Gerard, Mount & Veron, Lake Charles, for defendant/appellee Electro Corp.
David L. Campbell, Barbara Ryniker Evans, Deutsch, Kerrigan & Stiles, New Orleans, for defendants/appellees Southern Marine & Aviation Underwriters, Inc. and Americas Ins. Co.
Before GARRISON, BYRNES and LOBRANO, JJ.
LOBRANO, Judge.
The sole issue dispositive of this appeal is whether or not the trial court was in error in maintaining defendants' exceptions of res judicata. We reverse and remand.
On or about July 21, 1981, a helicopter insured by Southern Marine and Aviation Underwriters and Americas Insurance (referred to as Southern Marine, and Americas, respectively) crashed in south Louisiana. Pursuant to their respective policies, Southern Marine and Americas paid their insured, Industrial Helicopters, Inc. for the loss of its helicopter. In doing so, they became subrogated to all of the rights of their insured. Pursuant to that subrogation Southern Marine and Americas made demand on Electro Corporation (Electro) as the manufacturer of an allegedly faulty electrical component used on the helicopter. Mutual Fire, Marine & Inland Insurance Co. (Mutual), pursuant to their general liability policy issued to Electro, undertook settlement negotiations with Americas and Southern Marine. As a result of those negotiations Americas, Southern Marine and Mutual arrived at compromise settling all claims arising from the crash.
The terms of the settlement negotiated by Mutual provided for the payment of a total of $80,076.87 to Americas and Southern Marine. Mutual contributed $55,076.87 and Electro, the sum of $25,000.00, which purportedly was Electro's deductible under the Mutual policy. The settlement agreement *412 was executed by Southern Marine only as the releasor, and only Electro was named as the party released.[1]
Subsequent to this compromise settlement, Mutual concluded that the policy it had issued to Electro did not provide coverage applicable to the helicopter crash and therefore instituted the present proceedings against its insured, Electro, and Americas and Southern Marine seeking return of the funds it paid. Mutual's petition alleges that the payment it made was done so through error or mistake, and therefore the funds paid should be returned. All three defendants filed exceptions of res judicata which were maintained by the lower court.
At the outset we emphasize that the only issue before us is as stated in the beginning of this opinion. That is, does res judicata apply in the instant situation? We do not attempt a discussion of the merits of Mutual's claim.
Louisiana Civil Code Article 2286 provides:
"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."
It is settled that a compromise has force equal to the authority of the thing adjudged and that the objection of res judicata is the proper method of raising compromise as a bar. La.C.C. Art. 3078; Ditch v. Finkelstein, 399 So.2d 1216 (La. App. 1st Cir.1981). It is equally well settled that in Louisiana res judicata is stricti juris. Braquet v. Administrators of Tulane Educational Fund, 419 So.2d 30 (La. App. 4th Cir.1982); writ denied 423 So.2d 1148 (La.1982); U.S. cert. denied, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 348 (1983); Seaton v. Martin, 402 So.2d 740 (La.App. 4th Cir.1981); B.E. Welch v. Crown-Zellerbach Corp., 359 So.2d 154 (La.1978).
In reversing the res judicata determination made by the trial court, we need only consider the second element necessary under Article 2286, supra. We hold that the demand of Mutual is not founded on the same cause of action as was the subject of the compromise settlement. In Mitchell v. Bertolla, 340 So.2d 287 (La. 1976) our Supreme Court pointed out that the term "cause of action" stated in Article 2286 is actually a mistranslation of the French term "cause". See also, R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La. 1980); Ditch v. Finkelstein, supra. "Thus, the proper interpretation of Article 2286 requires a consideration of the broader concept of cause at civil law rather than the common law cause of action." R.G. Claitor's Realty, supra, at 397. Justice Dixon (now Chief Justice), in Mitchell v. Bertolla, supra, likened the civilian "cause" to the grounds for a cause of action described at common law. See, Freeman's A Treatise of the Law of Judgments (1925) For the purpose of establishing a res judicata cause we must refer to the fact or facts which give rise to the judicial relief sought. Braquet v. Administrators of the Tulane Educational Fund, supra. See also, Seaton v. Martin, supra.
In the present suit Mutual demands the return of monies it paid allegedly thru error or mistake. Article 2310[2] provides for this "cause" of action, and quite clearly, it is different from that which formed the basis of the compromise agreement. That settlement was reached as a result of a *413 claim for allegedly faulty equipment which allegedly caused the helicopter to crash.
Southern Marine and Americas cite Mongrue v. State Farm Mutual Automobile Insurance Co., 396 So.2d 466 (La.App. 4th Cir.1981) and Ubas v. La. Farm Bureau, 434 So.2d 199 (La.App. 4th Cir.1983) in support of their position on the "cause" issue. Their reliance on these cases for the purpose of maintaining an exception of res judicata is misplaced, however, for neither case dealt with the res judicata problem, but were decided on the merits. Were the instant case before this Court on the merits, they would be pertinent.[3]
Accordingly we overrule the exceptions of res judicata and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] The exact language is "... Electro Corporation and all agents, servants, employees and officers..."
[2] Article 2310 provides:

"He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor. This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor."
[3] We note that trial court in oral reasons for maintaining the exception of res judicata referred to the "negligence" of Mutual in paying. Whether Mutual was negligent or not in making the payment is irrelevant to a res judicata plea.