WICKER, Judge.
Alliance Casualty and Reinsurance Company appeals the dismissal of its reconven-tional demand against Tracy Carter. The sole issue is whether or not its prior, mistaken settlement with Ms. Carter on behalf of its insured is res judicata. We affirm.
Tracy Carter’s automobile was damaged in a collision with that of Linda Jefferson, allegedly at fault in causing the accident. Alliance settled the property damage claims and rental car claims of Ms. Carter and Marine Midland Automotive Finance Company, Ms. Carter’s lender, with checks in the amounts of $3,200.37 and $233.85. The larger check was endorsed and turned over to a body shop to pay for repairs. Ms. Carter then sued Ms. Jefferson; Ms. Jefferson’s insurer, Alliance; and her own uninsured/underinsured carrier, Glens Falls Insurance Company, for her other damages.
Alliance moved for summary judgment of dismissal based upon its alleged lack of liability coverage. [It did provide collision and comprehensive insurance for Ms. Jefferson’s car.] Alliance’s attorney also withdrew as attorney of record for Ms. Jefferson. Alliance then reconvened against Ms. Carter; her attorney, Robert G. Harvey, Sr.; and Marine Midland for the repayment of the settlement, alleging unjust enrichment.
When Alliance’s motion for summary judgment came for hearing, the judge dismissed it as a defendant from the suit since it did not provide liability coverage to Ms. Jefferson. Alliance then moved for summary judgment on its reconventional demand for repayment of the settlement. Marine Midland also moved for summary judgment asking that Alliance’s claims as to it be dismissed. Ms. Carter excepted to Alliance’s reconventional demand on the grounds of res judicata.
The judge granted Marine Midland’s motion for summary judgment and dismissed Alliance’s reconventional demand against Midland. He also denied Alliance’s motion and ruled in Ms. Carter’s favor on her exception, dismissing Alliance’s reconven-tional demand against Ms. Carter. He reasoned:
The Court finds that Alliance is estopped in this particular case; that they, certainly, at the least were negligent in failing to properly ... investigate the matter, to determine the situation, that they did not provide liability coverage for this Jefferson lady. And once they paid the draft over to Tracy Carter and she, in which it said full and final settlement, and she handed the matter over to the insurance company — I mean to the automobile repair people — that was a completed deal. The Court finds that the equities in this case are with Tracy Carter; that it would *130 be unjust to actually give Alliance a judgment in this matter.... Your plea of estoppel or res judicata is sustained.
Alliance argues that res judicata is inapplicable and that the judge should have granted its motion for summary judgment on grounds set forth in La.C.C. art. 2310: “He who, through mistake has paid the debt of another to whom he believed himself indebted [Jefferson], has a claim to restitution from the creditor [Carter].” Alliance also claims the matter is not res judicata because Ms. Carter’s claim against Jefferson arising from the automobile accident and its claim against Ms. Carter are two different causes of action. Ms. Carter argues that the tender of a check to her by Alliance, and her acceptance of it, constitutes a transaction or compromise which is res judicata. The threshhold issue, then, is whether the exchange between Ms. Carter and Alliance can be characterized as a compromise or transaction. We agree with Ms. Carter’s contention and find no error of law in the judge’s ruling.
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court....
La.C.C. art. 3071. Furthermore,
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion....
La.C.C. art. 3078.
To be res judicata three conditions must be met: “[t]he thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” La.R.S.' 13:4231. [This statute was amended effective January 1, 1991, by Acts 1990, No. 521 Sec. 1; and the amendment makes a significant change in the law of res judicata. The 1985 version controls this December 18, 1989, accident.]
These conditions are met in this case: the parties are the same, Ms. Carter and Alliance, and in the same capacities; the thing demanded is the same, money for the damage to Ms. Carter’s automobile; and the cause of action is the same, recovery of damages to the car and Ms. Carter’s right to compensation from Alliance. See Rivet v. First Financial Bank, FSB., 538 So.2d 216 (La.1989).
Alliance made an error of law when it assumed Ms. Jefferson’s policy included liability as well as collision and comprehensive coverage. It cannot now attack its compromise for this error of law. La.C.C. art. 3078.
We believe that the payment by Alliance to Ms. Carter was a compromise or transaction. The checks it gave her were marked “full and final settlement.” The instant case resembles Aetna Cas. & Sur. Co. v. Landry, 578 So.2d 537 (La.App. 3rd Cir.1991.) Aetna paid death benefits in a worker’s compensation claim to the wrong person — the decedent’s mother instead of the woman he was living with and their unborn child. Aetna then sued the mother for a return of the money. The parties made the same argument: the mother argued that the payment was a transaction or compromise which was res judicata, and Aetna argued it was entitled to be reimbursed for payment of a thing not due. The court held that the check was clearly given to compromise the claim. The Third Circuit cited the Supreme Court, Audubon Ins. Co. v. Farr, 453 So.2d 232 (La.1984), for the elements of compromise: “A disputed claim, a tender of a certain amount in settlement of that claim and an acceptance.” See also Mongrue v. State Farm Mut. Auto., etc., 396 So.2d 466 (La.App. 4th Cir.1981).
We also note that the cases cited by Alliance are distinguishable on their facts. Aetna Cas. & Sur. Co. v. M & A Farms, Ltd., 462 So.2d 1323 (La.App. 3rd Cir.1985), was resolved in favor of the insurance company on a summary judgment, with the *131 appellate court finding factual issues concerning Aetna’s intent to compromise a disputed claim when it paid a judgment against it that had been reversed on appeal. In Mathews v. Louisiana Health Serv. & Ind. Co., 471 So.2d 1199 (La.App. 3rd Cir.1985), the plaintiff was seeking double recovery: payment of medical expenses from her health insurer which had already been compensated in the course of her worker’s compensation claim. In both Shelter Ins. Co. v. Cruse, 446 So.2d 893 (La.App. 1st Cir.1984), and Mut. Fire, Mar. & Inland Ins. v. Electro Cory., 461 So.2d 410 (La.App. 4th Cir.1984), as in Mathews, the insurer was suing its own insured. In Cruse, also, the insured misrepresented his insurability. In Electro, there was not an identity of cause of action.
We affirm the judgment in favor of Tracy Carter and against Alliance Casualty and Reinsurance Company, dismissing the reconventional demand of the insurer on an exception of res judicata. Alliance must pay the costs of this appeal.
AFFIRMED.
BOWES, J., dissenting with written reasons.