387 So.2d 603 (1980)
Mary Elizabeth SAUNDERS
v.
NEW ORLEANS PUBLIC SERVICE, INCORPORATED and Powell Blair, Jr.
No. 10687.
Court of Appeal of Louisiana, Fourth Circuit.
May 13, 1980.
Rehearing Denied September 15, 1980.
*604 Harry T. Widmann and William R. Alford, Jr., New Orleans, for plaintiff-appellee.
James Maher, III, New Orleans, for defendants-appellants.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
Defendants, a public carrier and its driver, have appealed from a judgment which awarded plaintiff $2,900.00 in damages for personal injuries sustained as a passenger on a city bus. On appeal defendants' only assignment of error relates to the interlocutory judgment which overruled their exception of res judicata and invalidated the earlier contract of compromise as one in which consent was produced by mutual error.

I
At the trial of the exception defendants' claims representative testified: He called plaintiff on the day after the accident, but she indicated she would like to wait a few days before discussing the claim. After several calls plaintiff came to his office a week after the accident and agreed to be examined by a doctor in the company's medical department. When she returned after the examination, he called the doctor, who recited a diagnosis of a minor contusion of the shoulder which should resolve in one week. Relating the diagnosis to plaintiff and inquiring if she was ready to negotiate settlement of the claim, he offered her $100.00 in compromise, which she accepted without hesitation.
Plaintiff, the only other witness, testified: The doctor's examination was strange in that he stood across the room without touching or examining her, or asking her to remove the long-sleeved blouse which covered the egg-shaped lump on her right arm. The doctor simply instructed her to raise her arms above her head and asked if the movement produced pain, to which she responded affirmatively. He then told her she had a minor muscle bruise and "should be out of difficulty in a week or so". Relieved by the assurance of a professional medical officer, she was happy to accept $100.00 offered by the adjuster "for her troubles".
The doctor did not testify, and his report (introduced without objection) gave no details of the examination, except that "tenderness over right shoulder" was listed under "Objective Evidences of Injury".
Finding as a fact that the doctor did not truly conduct a physical examination, the trial court concluded the parties would not have settled the case for $100.00 if they had known what plaintiff's "true condition" was or that the doctor had not examined plaintiff *605 in reporting his diagnosis and prognosis. The Court therefore overruled the exception.
At the subsequent trial on the merits it was established that when plaintiff's complaints after the November 10, 1975 accident continued, she consulted two other physicians before finally being examined on February 16,1976 by an orthopedic surgeon who diagnosed pre-existing bursitis aggravated by trauma and prescribed medication which accomplished relief and eventual recovery. The trial court awarded $2,900.00, and defendants appealed, limiting the issues to the validity of the contract of compromise.

II
Compromises are favored in law, and the burden of proving the invalidity of a compromise is on the party attacking the contract. The mere fact that a bad bargain was made is not in itself a sufficient ground for invalidating the compromise. However, since an essential element of every contract is consent by the parties with regard to a matter mutually understood, reciprocally communicated, and resulting from a free and deliberate exercise of the will, a contract may be invalidated if the consent was produced by error. C.C. art. 1819. Nonetheless, the only error that invalidates a contract is an error in some point which was a principal cause for making the contract. C.C. art. 1823.
In the present case defendants contend that an incorrect prognosis (as opposed to diagnosis) is simply an erroneous opinion and is not an error of fact which invalidates a compromise. Sec. 71 A.L.R.2d 82 (1960). However, the compromise in this case was not invalidated by the trial court because it was based on an error involving an incorrect prognosis of the future consequences of a correctly diagnosed present injury, but because it was based on mutual error that a proper medical examination had been performed and that plaintiff had sustained only a minor contusion which would be resolved swiftly.
The principal cause for making the contract of compromise was the fact, relied on by both parties on the basis of the medical diagnosis, that plaintiff's injury was simply a minor contusion. The record established that, in addition to the minor contusion, plaintiff sustained a severe aggravation of pre-existing (but previously dormant) bursitis.[1] From this evidence one could reasonably suppose that the parties would not have consented to the compromise for $100.00 if the complete and accurate diagnosis had been stated. Thus, the trial court correctly invalidated the contract based on a mutual mistake of fact as to the principal cause for the parties' consent.[2]
AFFIRMED.
REDMANN, J., dissents and assigns reasons.
REDMANN, Judge, dissenting.
If plaintiff had rushed to trial and got a $100 judgment for her bruise on her arm it would be res judicata. So is her $100 compromise.
The contract of compromise is subject to rescission for mutual mistake, but no more so than any other contract. The only error that invalidates is one on a "principal cause," C.C. 1823, and it is the "reality of the cause," C.C. 1824-not the size of the cause-as to which alone error invalidates.
Perhaps compromise believing the only injury is an arm bruise is rescindable if concealed internal organ injury is later discovered. But compromise believing the only injury is a minor arm injury should not be rescindable when the only injury is a *606 minor arm injury; and the only complaint is that the injury took longer to heal than the parties expected. There was no error as to the injury, as to the reality of the cause.
Although it contradicts the theory of compromise and is therefore repugnant to have to discuss the conflicting evidence as to whether plaintiff had any injury other than a minor arm injury, two things should be noted. First, the trial judge disbelieved that plaintiff "suffered the acute discomfort that she described. We believe she was uncomfortable as a result of the accident, but . . . $650 a month for . . . four months appears to be reasonable." Second, Dr. LaRocca, who three months after the accident found bursitis, testified that bursitis develops in "a matter of a day or two" and he would attribute plaintiff's bursitis to the accident only if "there was a continuity of the symptomatology from the time of the accident until the time I began treating her." Because the compromise was made seven days after the accident, plaintiff would by then have had the bursitis if the accident caused it, and at that time she should have been unable to elevate her arm beyond 90 degrees (as testified by Dr. LaRocca): but in fact she raised them above her head, she testified, in the compromise-time medical examination that she deemed strange but that established that she did not then suffer bursitis.
And finally, if we assume that the late-appearing and short-lived bursitis was the result of the accident, that does not justify annulling the compromise: aggravation of a pre-existing bursitic condition is merely the explanation of why the minor injury took longer to clear up. The injury was still minor and not different in kind from the injury for which the parties compromised.
The exception of res judicata should be maintained.
NOTES
[1] Thus, this was an error as to a present fact, rather than as to opinion concerning future development (the unanticipated consequence of a presently known injury).
[2] It is therefore not necessary to reach the argument that since defendants, whose employee examined plaintiff, knew or should have known the nature and extent of the injury, plaintiff's consent to the compromise was not knowingly and fairly given, but rather was obtained by misrepresentation of defendants' employee.