396 So.2d 466 (1981)
Marti F. MONGRUE
v.
STATE FARM MUTUAL AUTOMOBILE LIABILITY INSURANCE COMPANY et al.
Robert L. BEAVER et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Robert L. BEAVER et al.
Nos. 11700 to 11702.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
*467 Porteous, Toledano, Hainkel & Johnson, C. Gordon Johnson, Jr., New Orleans, for State Farm Mut. Auto. Ins. Co., plaintiff-appellant.
Gauthier & Murphy, Patrick J. McCabe, Kenner, for Robert L. Beaver and Loretta Wise Beaver, defendants-appellees.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) appeals a March 5, 1980 summary judgment of the district court in favor of defendants, Robert L. Beaver and Loretta Wise Beaver, in an action by State Farm to recover $10,000 paid by it to the Beavers in compromise of their claim against State Farm in a consolidated case,[1] an action for the wrongful death of their son Mitchell Beaver. This compromise resulted in the Beavers' dismissal with prejudice of State Farm from that action on December 27, 1978. In the trial court the two aforementioned cases were consolidated with the case of Marti F. Mongrue versus State Farm Mutual Automobile Liability Insurance Company, et al., No. 19216 on the docket of the Twenty-ninth Judicial District Court for the Parish of St. Charles; however, the summary judgment granted in that case has not been appealed.
The facts of this case arose out of an automobile-train collision on July 17, 1977 involving the automobile of Marti Mongrue. It is uncontroverted that appellant, State Farm, was the insurer of the Mongrue vehicle. In a deposition taken of Mongrue on September 11, 1978, he stated that Mitchell Beaver was driving Mongrue's car at the time of the accident and that he (Mongrue) had lost all recollection of the incident until 10 months after the collision.
The compromise in settlement of the Beavers' claim against State Farm was executed between those two parties in October of 1977. Appellant now contends that this was done in reliance on the police report of the accident, which indicated that Mongrue was driving his car at the time of the *468 accident; however, because Mongrue has later said, in his deposition, that not he but Mitchell Beaver, was driving the vehicle at the time of the collision, appellant argues that the compromise was executed based on an error of fact, which was the principal cause of the settlement. Accordingly, State Farm concludes the payment to the Beavers was of a thing not due, and, therefore, it is entitled to recover the amount paid under Articles 2301 and 2302 of the Louisiana Civil Code.
LSA-C.C. art. 2301 states:
"He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it."
LSA-C.C. art 2302 also recites:
"He who has paid through mistake, believing himself a debtor, may claim what he has paid."
Let us first note that compromise and settlements of litigation are well favored by the law and jurisprudence. Benoit v. Fireman's Fund Ins. Co., 347 So.2d 269 (La.App. 3d Cir. 1977); McKowen v. Gulf States Utilities Co., 358 So.2d 675 (La.App. 1st Cir. 1978).
In defining a compromise, LSA-C.C. art. 3071 explains:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
"This contract must be reduced into writing."
In the case of Collier v. Administrator, Succession of Blevins, 136 So.2d 774 (La. App. 4th Cir. 1962), the court observed at page 780:
"A compromise may not be attacked on the ground that one of the parties has failed to receive everything to which he may have been entitled. Young v. Glynn, 171 La. 371, 131 So. 51; Beck v. Continental Casualty Co., La.App., 145 So. 810.
"A compromise needs no other cause or consideration than an adjustment of differences or a desire to set at rest all possibility of litigation. Gregory v. Central Coal & Coke Corporation, 197 La. 95, 200 So. 832; DaPonte v. Ogden, 161 La. 378, 108 So. 777."
Our courts have established that a party will not be allowed to recover on the ground that he has paid something to another by error or mistake when it appears that the mistake is the result of his own negligence or carelessness. Pennsylvania Casualty Co. v. Brooks, 24 So.2d 262 (La.App. 1st Cir. 1945); Talbot v. Douglas Moving & Warehouse Company, 228 So.2d 222 (La.App. 3d Cir. 1969); 15A C.J.S. Compromise and Settlement, § 36, p. 260.
In the present case it is apparent that State Farm executed its compromise in settlement with the Beavers in a desire to set at rest all possibility of litigation with those parties, as is evidenced by the fact that the agreement was executed only three months after the occurrence of the accident. The fact that State Farm assumed that Mongrue had been the driver of his own vehicle at the time of the accident, based on a police report indicating that such had been the case is not sufficient error to invalidate the contract, the principal cause of which was simply and obviously to put at rest all possibility of future litigation between the Beavers and State Farm. Collier v. Administrator, Succession of Blevins, supra.
Although this court in view of the evidence cannot hold that State Farm was necessarily negligent or careless in concluding that Mongrue was the driver of the vehicle at the time of the accident, we must conclude that the cause for making the settlement was not that State Farm believed it was liable to the Beavers, as they now claim. The release itself expressly states that State Farm denies all liability to those parties and provides further that the reason for making the settlement was for the purpose of "precluding forever any further or additional claims arising out of the aforesaid accident."
*469 In the recent case of Saunders v. New Orleans Public Serv. Inc., 387 So.2d 603 (La.App. 4th Cir. 1980), this court also said at page 605:
"Compromises are favored in law, and the burden of proving the invalidity of a compromise is on the party attacking the contract. The mere fact that a bad bargain was made is not in itself a sufficient ground for invalidating the compromise. However, since an essential element of every contract is consent by the parties with regard to a matter mutually understood, reciprocally communicated, and resulting from a free and deliberate exercise of the will, a contract may be invalidated if the consent was produced by error. C.C. art. 1819. Nonetheless, the only error that invalidates a contract is an error in some point which was a principal cause for making the contract. C.C. art. 1823."
In Saunders, this court invalidated a compromise agreement executed between the parties because there was mutual error that a proper medical examination had been made. In the present case, however, State Farm does not allege that the error they complained of was mutual or mutually communicated between the parties. We cannot hold, therefore, that if State Farm committed an error in judgment by executing the compromise agreement prematurely, resulting in a bad bargain, from that party's point of view, that this is sufficient to invalidate the contract.
Transactions have, between the interested parties, a force equal to res judicata. LSA-C.C. art. 3078. Collier v. Administrator, Succession of Blevins, supra. Because there was no dispute as to any material fact of this case, therefore, we hold that the trial court appropriately granted summary judgment to the Beavers, who were entitled to it as a matter of law. LSA-C.C.P. art. 966.
For the reasons assigned, the district court judgment is affirmed.
AFFIRMED.
NOTES
[1] Robert L. Beaver, et al. v. State Farm Mutual Automobile Insurance Company, et al., No. 19, 277 on the docket of the Twenty-ninth Judicial District Court for the Parish of St. Charles.