442 So.2d 634 (1983)
Maurice C. DURBIN
v.
D. Lamar COCKERHAM and Gloria C. Jordan.
No. 83 CA 0167.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
*635 Charles H. Dameron, Baton Rouge, for plaintiff.
Gerald Walter, Baton Rouge, for defendants.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
Maurice Cockerham Durbin (plaintiff), Maurice K. Cockerham's granddaughter, filed a petition for a declaratory judgment seeking to set aside a "settlement agreement" in which she released defendants, D. Lamar Cockerham and Gloria Cockerham Jordan, from any claim "which she had or might have asserted against them or any of them, in the Succession of Maurice K. Cockerham...." Plaintiff contends that the settlement was entered into through an error of fact due to the ignorance of all the parties as to the existence of a potential claim belonging to the succession. The matter was submitted to the trial court on a joint written stipulation of facts. The trial court rendered judgment in favor of plaintiff decreeing the nullity of the settlement agreement.
Maurice K. Cockerham was married once to Dovie Carpenter Cockerham. Of this marriage, three children were born: Henry L. Cockerham, D. Lamar Cockerham and Gloria Cockerham Jordan. Henry L. Cockerham predeceased his father and left only plaintiff as his descendant. Maurice K. Cockerham died on September 2, 1979. He left a will in which he bequeathed to plaintiff her forced portion and left defendants the remainder of his estate.
Following the death of Maurice K. Cockerham, questions arose concerning the assets of his estate and the amount of inheritance that plaintiff was to receive. His financial records and affairs were in the hands of defendant Gloria Cockerham Jordan. Defendants' attorney informed plaintiff's attorney-husband, James E. Durbin, that Maurice K. Cockerham's estate consisted of only $3,809.85 in cash and that plaintiff's share was $846.63. Plaintiff was surprised at the small amount of cash and requested a review of the financial records.
Plaintiff, after thoroughly reviewing the assets of the estate and discovering that she was unable to prove that there was any additional cash, demanded to share equally in the estate. Defendants were willing to enter into a complete compromise and to afford plaintiff one-third of the estate in return for her agreement to settle all claims against the estate, to terminate efforts to attack the will, and to stop questioning the handling of the estate. A settlement agreement was entered into wherein plaintiff received the sum of $1,269.95. Under the will, she only would have been entitled to $846.43. Thus, under the settlement agreement she received $423.52 more than she would have received under the will. The settlement agreement prepared by plaintiff's husband provides in part:
Maurice C. Durbin does by these presents release, remise and forever discharge all the other parties hereto, of and from any right, claim, demand, pretension, action or cause of action of every nature of (sic) kind, which she had or might have asserted against them or any of them, in the Succession of Maurice K. Cockerham, intending that the present act of compromise and settlement shall be deemed and considered as a complete divestiture of her rights in said succession and as a bar against any further claim, right, or pretension against it or any of the other parties hereto.
Approximately three months after the execution of the settlement, plaintiff's husband became aware of a potential claim belonging to the succession. This claim involves an undivided one-half interest in 3.46 acres of immovable property within the right of way limits of Cockerham Road and Hatchell Lane in Livingston Parish.
*636 This property is included in Sand Unit B of the Amoco Lockhart Crossing Field and is estimated to have a value of approximately $50,000.00 per acre. It is undisputed that at the time of the execution of the settlement agreement all parties thought that the sole asset of the estate was $3,809.85 in cash. Plaintiff's stipulated testimony is to the effect that she never would have entered into the settlement agreement if she had known of the potential claim. Upon learning of this claim, plaintiff instituted proceedings to have the release annulled and tendered back the money which she had received as consideration for the settlement.
Defendants assert that the trial court erred when it rendered judgment decreeing the nullity of the settlement agreement.
The law encourages the settlement of disputes by compromise, and such settlements should not be rescinded lightly. Salling Wiping Cloth Co., Inc. v. Sewell, Inc., 419 So.2d 112 (La.App. 2nd Cir.1982). A compromise may not be attacked for an error of law or lesion. La.C.C. art. 3078. However, compromises regulate only the differences which appear clearly to be comprehended by the parties and may be rescinded for: (1) error in the person; (2) error of fact on the matter in dispute; (3) fraud; or (4) violence. La.C.C. arts. 3073 and 3079; Halford v. Dugas, 422 So.2d 693 (La.App. 3rd Cir.1982); Matthew v. Melton Truck Lines, Inc., 310 So.2d 691 (La.App. 1st Cir.1975).
Plaintiff does not assert that there was any error in the person or that any fraud or violence was involved. The question thus becomes whether or not there was any error of fact on the "matter in dispute". La.C.C. art. 3079. The burden of proving an error of fact on the matter in dispute to invalidate a compromise is on the party claiming it. Saunders v. New Orleans Public Service, Incorporated, 387 So.2d 603 (La.App. 4th Cir.1980), writ denied 394 So.2d 614 (La.1980).
A compromise is a form of contract. Richardson v. Ward, 202 So.2d 327 (La.App. 1st Cir.1967), writ refused 251 La. 389, 204 So.2d 573 (1967); Cole v. Lumbermens Mutual Casualty Company, 160 So.2d 785 (La.App. 3rd Cir.1964). Under the law of obligations, legally given consent of both parties is requisite to the validity of a contract, and there is no valid consent or contract where the consent has been produced by error. La.C.C. arts. 1779, 1819, 1821 and 1824; Cole, 160 So.2d at 787. The only error that invalidates a contract is an error which affects a principal cause for making the contract. La.C.C. art. 1823; Saunders, 387 So.2d at 603.
In the present case, a compromise was entered into between the parties based on a mutual error of fact that the sole asset of the estate was $3,809.85 in cash. The contract of compromise was based on the fact (relied on by both parties) that the succession consisted of only movable assets cash. The record establishes that, in addition to the cash, the estate has a claim of ownership to an undivided one-half interest in 3.46 acres of immovable property. The parties were unaware of this claim at the time the compromise agreement was executed.
This case was submitted on a joint stipulation of facts which included statements of the parties and documentary evidence. Included in this stipulated evidence was Mrs. Durbin's statement to the effect that she would not have entered the compromise had she known of the true facts. Also included was a statement by Mr. Durbin that had he known the true facts, he would have prevented Mrs. Durbin from executing the agreement.
Since there was no live testimony presented at trial, the trial judge is in no better position to assess the weight of the evidence than an appellate court. Thus, this court is not bound by the rules enunciated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978) and Canter v. Koehring Company, 283 So.2d 716 (La.1973) when reviewing the evidence. F & S Offshore, Inc. v. Service Machine & Shipbuilding Corporation, 430 So.2d 1167 (La.App. 1st Cir.1983).
*637 There was a mutual mistake of fact as to the assets of the succession. Based on the erroneous facts known to the parties when the compromise was executed, the "matter in dispute" was $423.52. The plaintiff's entitlement to inherit a portion of the 3.45 acres of immovable property was not a part of the dispute at that time. The plaintiff would not have agreed to the compromise had she known that her claim to the 3.46 acres was part of the dispute. The plaintiff has established that there was an error of fact on the "matter in dispute". The ruling of the trial court is correct.
For the foregoing reasons, the judgment of the trial court is affirmed at the appellants' costs.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
I respectfully dissent.
The majority has, in my opinion, reached the erroneous conclusion that the matter in dispute was $423.52. I feel that the matter in dispute was plaintiff's interest in her grandfather's estate. Her attorney-husband, after reviewing the records in defendant's possession, concluded that the estate consisted of $3,809.85. Notwithstanding that knowledge, he prepared the very broad release we have before us, which provides:
Maurice C. Durbin does by these presents release, remise and forever discharge all the other parties hereto, of and from any right, claim, demand, pretension, action or cause of action of every nature of (sic) kind, which she had or might have asserted against them or any of them, in the Succession of Maurice K. Cockerham, intending that the present act of compromise and settlement shall be deemed and considered as a complete divestiture of her rights in said succession and as a bar against any further claim, right, or pretension against it or any of the other parties hereto.
The above language is clear and unambiguous. Plaintiff gave up all her right to the estate, and her aunt and uncle were willing to give her more than her legal share thereof in return for her agreement to settle all claims against the estate, to terminate efforts to attack the will, and to stop questioning the handling of the estate.[1] This is the stuff of which compromises are made. La.C.C. art. 3071.
La.C.C. art. 3079 provides that error as to the "matter in dispute" is a ground for rescinding a compromise. However, it does not provide that error as to the quantity or quality of the matter in dispute would warrant rescission. In fact, La.C.C. art. 3078 states that compromises "can not be attacked on account of any error in law or any lesion." (Emphasis added.) The error complained of by plaintiff is that she executed the compromise under the erroneous impression that only movables, i.e., cash, was involved when in fact a potential claim involving immovables was present. Thus, she bases her claim for rescission on the fact that she was ignorant as to the quantity and/or quality of the "matter in dispute," i.e., the estate. I find no provision in the law to relieve her of her compromise which was written in the very broadest terms.
Compromises, by their very nature, contain a potential for loss as well as gain. La.C.C. art. 3071. The compromise in the instant case contains broad language and explains that plaintiff was "intending that the present act of compromise and settlement shall be deemed and considered as a complete divestiture of her rights in said succession...." (Emphasis added.) The instrument itself, prepared by plaintiff's representative, reads that she discharges the other parties from all claims "which she had or might have asserted" and not just those of which she was presently apprised.[2] *638 Plaintiff is bound by her intent, as expressed in the settlement, to renounce all further rights in the succession. The result reached by the majority thwarts the substantive policy long adhered to by Louisiana courts. Compromises are favored under the law because they promote judicial efficiency by "permitting parties to resolve their differences without resorting to the judicial machinery." Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d at 117.
I respectfully dissent.
NOTES
[1] If it is determined that the estate has no lawful right to the immovable property within the right of way, this dispute unfortunately will have to be resolved all over again.
[2] This case is factually distinguishable from the Saunders case cited by the majority in that the record in the instant case contains no hint of over-reaching.