CRAIN, Judge.
This appeal involves issues concerning the state’s power to reject, public bids that are submitted late because of an error made by the state. Johnson Engineering and Maintenance Co., Inc., brought an action in the lower court contesting a decision of the state made by Stephanie Alexander, the Commissioner of Administration, to cancel a procurement bid proposal that Johnson Engineering had been awarded. The Commissioner based her decision on internal guidelines promulgated by her department.
The lower court ruled that the internal guideline did not apply, and it reversed the Commissioner and awarded the contract to Johnson Engineering. The Commissioner has appealed.
FACTS
Earl K. Long Memorial Hospital in Baton Rouge advertised an invitation for bids for *877 maintenance on its temperature control system. The bids were scheduled to be opened on April 9, 1985, at 10:00 a.m. The newspaper advertisement indicated that the bids were to be opened at the hospital’s business office. The cover letter to the bid proposals requisitions form provided that the bids were to be delivered to the hospital’s department of health and human resources office. The .requisition form itself contained the statement: “[D]eliver to warehouse (behind Hospital).” The addresses for all three locations were listed as Earl K. Long, 5825 Airline Highway. In fact, the bids were intended by the hospital to be delivered and opened at the purchasing department which, at the time, was located in a trailer next to the warehouse behind the hospital. On April 7, Johnson Engineering’s representative, Scott Col-cord, arrived at the trailer at approximately 9:52 a.m., eight minutes prior to the deadline for bids to be submitted. To his consternation, however, he discovered that the purchasing office was no longer located there. It had been moved, approximately one week earlier, to a new hospital addition across the street. There were no notices informing bidders of the move or the new location. Colcord eventually got directions to the new location. He submitted the bid at 10:04 a.m., 4 minutes late. As it turned out, Johnson Engineering submitted the lowest bid. The receiving officer at first refused to accept the bid. After consulting with the State Director of Purchasing she accepted the bid, but did not open it until the next day at 10:00 a.m. Because it was the lowest bid, Johnson Engineering was awarded the contract.
Four other companies had submitted bids through the mail prior to the 10:00 a.m. deadline. Their representatives were, nevertheless, in attendance for the announcement of the bid selection, and were aware of the late bid. Of the four, Honeywell, Inc. was the next lowest bidder after Johnson Engineering. Honeywell filed a formal protest that the acceptance of Johnson Engineering’s bid was in violation of state statutes, and regulations promulgated by the Division of Administration[1]. The Director of State Purchasing rejected Honeywell’s protest; however, the Commissioner of Administration reversed the Director’s decision, and ordered that the bids be reopened. Johnson Engineering filed a suit challenging the Commissioner’s decision. Honeywell intervened in the suit asking that it be granted the contract.
The Commissioner relied on the Division of Administration’s internal guideline, No. T-18, in making her decision:
Late bids cannot be accepted. If the bid was delayed in some way by the Division of Administration, this could be cause for cancellation of bid proposal and re-advertisement.
The trial court reversed the Commissioner’s decision. The court held that Johnson Engineering’s representative had timely arrived with a sealed bid at the place specified on the requisition form. The court further held that the Commissioner was in error in relying upon rule T-18 as the hospital, not the Department of Administration, was at fault in causing the delayed submission of the bid. The court ordered the Director of Purchasing’s decision reinstated. Consequently, the judgment had the effect of granting Johnson Engineering the bid. We conclude that the trial court erred in overturning the Commissioner’s ruling.
Despite the length of the Louisiana Procurement Code, La.R.S. 39:1551 et seq., the legislature did not address every conceivable situation that might arise thereunder. Rather, the legislature authorized and mandated the Commissioner of Administration to promulgate rules and regulations governing procurement of state supplies, services, and repairs. La.R.S. 39:1561. In accordance with this legislative mandate, the Commissioner promulgated internal guideline T-18. T-18 addresses a situation the legislature did not make specific provisions for; that is, what happens when the *878 state causes an otherwise timely bid to be submitted late? T-18 gives the Commissioner the option to order the bid proposals cancelled and reopened.
The Commissioner chose to exercise this option. The courts of this state generally defer to the discretion of an administrative agency unless the agency acts in an arbitrary or capricious manner. Haughton Elevator Division v. State, through the Division of Administration, 367 So.2d 1161 (La.1979). We find nothing arbitrary in the Commissioner’s decision. The Commissioner found that: “The policy of not accepting late bids protects the integrity of the competitive bid process”. The Commissioner further found, however, that the Division of Administration caused the bid to be submitted late. The Commissioner then exercised her discretion by ordering a rebid.
The trial court held that T-18 did not apply because the hospital, not the Division of Administration, caused the delay. We conclude that this is not a valid distinction. La.R.S. 39:1554(B) provides in part that, “[TJhis chapter shall apply to every expenditure of public funds ... by this state ... acting through a governmental body.” Moreover, La.R.S. 39:1581 provides that the Commissioner’s regulations shall govern all procurements. The hospital requisitioned the order under the authority of the Department of Administration’s Policy and Procedure Memorandum Number 51. Therefore, the hospital was acting pursuant to, and under the authority of, the Department of Administration. The Commissioner’s ruling in this regard was correct.
Johnson Engineering urges that T-18 is inapplicable as there was no late bid. It contends that its bid was timely since it was delivered prior to 10:00 a.m. at the designated place. Preliminarily, we note that the trial courts’s factual findings are not subject to the manifest error rule. The evidence in this case consists entirely of the record of the Director of Purchasing’s hearing. There was no live testimony submitted at trial; therefore, we are as capable of reviewing a “cold record” as the lower court. See Durbin v. Cockerham, 442 So.2d 634 (La.App. 1 Cir.1983).
Johnson Engineering’s theory is based on its bid being timely delivered to the place as specified in the invitation for bids. It contends that this “place” was specified in the bid procurement form where it stated “deliver to [the] ... warehouse.” However, testimony indicated that the “deliver to” address on the bid procurement form referred to the delivery of the goods that were the subject of the contract. The address did not refer to the location to which the bid proposals were to be delivered. Johnson Engineering’s contention and the trial court’s ruling in this regard is incorrect. The state did not adequately advertise or give notice of the bid opening location.[2]
Because of this failure, Johnson Engineering’s bid was submitted late. If the state had been more meticulous, in all probability the bid would have been timely. Nevertheless, Johnson Engineering’s lack of fault is not at issue. Neither can Honeywell’s assertion that it should be granted the bid be maintained. The Commissioner acted properly and within her discretion in cancelling the proposal and ordering a re-bid.
Accordingly, the judgment of the trial court is reversed. The ruling of the Commissioner is reinstated. Costs are to be shared equally by Johnson Engineering and Honeywell. La.R.S. 13:4521.
REVERSED.

. The procedures that Honeywell followed in filing the protest and subsequent appeals are set out at La.R.S. 39:1671 et seq.

. We make no ruling whether, under these circumstances, any of the bids were properly submitted.