BARRY, Judge.
The issue is a judgment which maintains an exception of res judicata and dismisses this suit for personal injuries.
On April 16, 1986 Aurora Jurado was riding her bicycle home from UNO (she was an electrical engineering student) when she was hit by a mirror on Milton Seeger’s truck. Seeger was insured by State Farm Mutual Automobile Insurance Company.
On May 2, 1986 Jurado went to State Farm’s office and received $968.00 after signing a release.
On March 16, 1987 Jurado sued Seeger and State Farm for personal injuries. The petition does not mention the release or allege any fact which would support a claim that the release was unenforceable. After a hearing on defendants’ “Exception of Res Judicata, Motion to Enforce Settlement and Motion for Summary Judgment,” judgment was rendered maintaining the exception of res judicata based on the release.
Jurado, a native of Venezuela, testified that she took her first English class in 1980 when she initially came to the United States. She obtained an electrical engineering degree in December, 1986, approximately nine months after the accident.
Jurado said a State Farm agent attempted to reach her following the accident and after the third or fourth effort she returned the call. Jurado saw the agent, Dexter Herbert, on May 2, 1986.
Though she went to the hospital after the accident, Jurado did not seek other medical attention between the time of the accident and signing of the release on May 2.
Jurado acknowledged that she read the document before “freely” signing it, that she knew $500 was for pain and suffering, that there was a clause regarding later medical expenses, and she cashed the checks issued by State Farm. She stated: “I was aware of the release of what I signed, yes.... I understood what it says, but I don’t know, you know, know much about it.”
Dexter Herbert, State Farm claim agent, testified he usually contacts the insured to verify information, then contacts the other person to advise that the vehicle was insured by State Farm. Herbert called Jura-do on April 18 and 22, but got no answer. On the 22nd of April he went to her home, she was not there, so he left his card.
Herbert said Jurado called his office and they discussed her injuries.- Jurado said she would settle after another visit to the doctor. Because he did not hear from her, Herbert called and left a message.
On May 2, 1986 Jurado went to the office and was offered a general release. She expressed concern about returning to the doctor, so Herbert offered her an “open-ended release” wherein State Farm agreed to cover certain medical expenses incurred within 180 days from the date of the release, up to $3,000. Jurado signed the open-end release.
Jurado received $35.00 for a knapsack, $50.00 for pants, $150.00 for the bike, $500 for pain and suffering, plus reimbursement for medical and out-of-pocket expenses, a total of $968.00. Additional medical bills were paid pursuant to the release.
Herbert testified that Jurado had no apparent language problem and was very pleasant, understanding and cooperative. He noted that another lady was present when Jurado signed the release.
Elizabeth Ceballes, Jurado’s roommate at the time of the accident, testified that she went with Jurado to State Farm’s office *268 and the agent told Jurado her injuries were not very serious.
By proffer, Jurado offered evidence that she had an incapacitating injury from the accident which did not develop until about one month after the accident and which has caused her to refrain from the several athletic activities in which she formerly participated.
Jurado urges the release is void due to “mistake of material fact, specifically mutual mistake regarding the injuries sustained”, and the proffered evidence should have been admitted.
The release pursuant to La.C.C. Art. 3071 is not disputed. Jurado argues that the release is void under La.C.C. Art. 3079 which provides in pertinent part that ... “[a] transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute.”
Jurado also argues that the inequity created by the alleged mutual mistake is aggravated by the “aggressive use of a ‘rush release,’ lack of sophistication of a foreign student plaintiff, gross inadequacy, lack of counsel, and, arguably, constructive fraud.”
The release provides in pertinent part: [T]he undersigned [Aurora Jurado] hereby releases and forever discharges Milton Seeger & State Farm Mutual Auto Ins., the Insurance company accepting this Agreement, and any and all other persons, firms or corporatins liable or who might be claimed to be liable, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, both to person and property, and particularly on account of all injuries, known and unknown, sustained by
Aurora Jurado
Named Beneficiary
which have resulted or may in the future develop as a result of an accident which occurred on or about the 16 day of April, 1986 at or near Leon C. Simon & Franklin.
Article 3083 of the Louisiana Civil Code states in pertinent part:
When parties have compromised generally on all the differences, which they might have had with one another, the titles which they then know nothing of and which were afterwards discovered, are not a cause of rescinding the transaction, unless they have been kept concealed on purpose by the deed of one of the parties.
The release is one which the “parties have compromised generally on all the differences, which they might have had with one another.” Thus, under La.C.C. Art. 3083, the release cannot be rescinded simply because Jurado later learns she has a more serious injury.
Nothing in the record shows that Jurado was pressured to sign the release, that she did not understand the document, that she had difficulty due to a language barrier, or was not permitted to have counsel. The proffered evidence does not alter that conclusion. ■ The record tells us Jurado received a college degree in a program presumably taught in English, just a few months after the- accident.
Jurado’s reliance on Waagen v. Indiana Lumbermens Mutual Insurance Co., 136 So.2d 831 (La.App. 4th Cir.1962) and Saunders v. NOPSI, 387 So.2d 603 (La.App. 4th Cir.1980), writ denied 394 So.2d 614 (La. 1980) is misplaced. In Waagen the circumstances surrounding the release were extreme. Further, the validity of the Waagen release was not at issue. In Saunders no physical examination had taken place, though both the injured plaintiff and the insurance company believed one had taken place.
“Where a release has been entered into between the parties, our jurisprudence recognizes the applicability of the exception of res judicata.” Stone v. State Farm Mut. Auto. Ins. Co., 501 So.2d 852 (La.App. 5th Cir.1987).
The judgment dismissing the suit is affirmed.
AFFIRMED.