593 So.2d 939 (1992)
Michael BROWN
v.
Eugene SIMONEAUX and State Farm Mutual, et al.
No. 91-CA-0962.
Court of Appeal of Louisiana, Fourth Circuit.
January 30, 1992.
Gerald J. Leydecker, Rene D. Lovelace, New Orleans, for plaintiff-appellant Michael Brown.
Kenneth R. Evans, James P. Nader, Lobman, Carnahan and Batt, Metairie, for defendants-appellees Eugene Simoneaux and State Farm Mut. Auto. Ins. Co.
Before KLEES, BYRNES, and JONES, JJ.
KLEES, Judge.
Michael Brown appeals the district court's judgment dismissing his action for personal injury against State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") and its insured Eugene Simoneaux on motion for summary judgment. We affirm. The accident which gave rise to Mr. Brown's claim against State Farm and its insured occurred on *940 November 20, 1989 in an intersectional collision between automobiles owned and operated by Mr. Brown and Mr. Simoneaux. Approximately eight days after the accident, Mr. Brown, completed a "Report of Accident and Claim" for State Farm, signed and dated November 28, 1989 by him, in which he described the circumstances of the accident, damage suffered to his automobile, and indicated there was no one injured in the accident. On December 15, 1989, Mr. Brown signed a receipt and release form releasing all claims arising from the accident for consideration the sum paid being $790.25. Thereafter, Mr. Brown filed a personal injury claim against State Farm and its insured to which State Farm responded with an exception of res judicata and/or a motion for summary judgment. After reading the pleadings, evidence and argument of counsel, the trial court granted summary judgment in favor of defendants and dismissed Mr. Brown's action.
Mr. Brown contends that while he signed the release, it was not his intention to release his claim for personal injury. He asserts that it was his belief the release he signed and consideration received was in compromise of his claim for property damage only.
The issue on appeal is whether this case was properly dismissed on motion for summary judgment.
The release included the following language:
For the Sole Consideration of Seven Hundred Ninety and 25/100 Dollars ..., the undersigned hereby releases and forever discharges Eugene Simoneaux and State Farm Mutual Auto Insurance ... from any and all claims ... and particularly on account of all injuries, known and unknown, both person and property, which have resulted or may in the future develop from an accident which occurred on or about the 20th day of November, 1989 ...
Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making full and final compromise ... of any and all claims, disputed or otherwise, on account of injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.
The release was signed by Michael Brown and witnessed by Carmel Johnson, State Farm claims adjuster.
The Louisiana Civil Code provides that a transaction or compromise is an agreement between two or more parties who, by mutual consent, adjust their differences in order to prevent or put an end to a lawsuit. La.C.C. Art. 3071. Louisiana Civil Code further provides in Article 3078:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
It is well settled, however, that a transaction may nonetheless be set aside where there exists an error in person or on the matter in dispute. La.C.C. Art. 3079.
The issue, on appeal is whether this case was properly dismissed on motion for summary judgment.
It is well settled that a motion for summary judgment should be rendered only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts pleaded before the court is summary judgment appropriate. The burden of proving that there is no genuine issue of material fact in dispute rests upon the mover for summary judgment. Thornhill v. Black, Sivalls & Bryson, 394 So.2d 1189, 1191 (La.1981).
In the present case, State Farm made a motion for summary judgment based on the existence of a release signed by Mr. Brown releasing any and all claims he may have against State Farm or its *941 insured. An individual who signs a written instrument is charged with the responsibility of having read it and is presumed to know and understand its contents. Shepherd v. Allstate Ins., 562 So.2d 1099, 1102 (La.App. 4th Cir.1990); Tooke v. Houston Fire and Casualty Ins., 122 So.2d 109, 110 (La.App. 2nd Cir.1960). Here, the language of the release is so broad and unambiguous it leaves little to be misunderstood. And where the words of an agreement are explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intentions. La.C.C. Art. 2046; Watkins v. Johns-Manville, 458 So.2d 212, 214 (La.App. 5th Cir. 1984). Moreover, a State Farm adjuster specifically explained to Mr. Brown that by signing the release he forfeited all rights to make further claims arising out of the accident including claims for personal injuries.[1]
Mr. Brown is an intelligent and literate adult who by his own admissions obtained representation of counsel two weeks prior to signing the release. There is no dispute as to whether Mr. Brown possessed the ability to read and understand the release. He cannot now avoid the consequences of signing the release by alleging that his intentions were not in accord with the clear and explicit language of the release form.
When a motion for summary judgment is made and supported in the manner provided by La.C.C.P. Art. 966, the respondent may not rest on mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided, must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. Art. 967. Compromises are favored in the law and the burden of proving invalidity of a compromise rests upon the parting attacking it. Saunders v. NOPSI, 387 So.2d 603, 605 (La.App. 4th Cir.1980). Here, the burden rested upon Mr. Brown to give cause why the release should not be given its full effect. Mr. Brown did not meet his burden by failing to set forth specific facts showing that he signed the release in error as to the subject matter of the compromise. Instead, he rested on the mere allegation in his pleadings and memorandum in opposition to the motion for summary judgment that it was never his intention to release his claim to personal injuries.[2]
We conclude that because Mr. Brown failed to show the existence of a genuine issue of material fact, the trial court appropriately granted summary judgment in favor of defendants. The compromise entered into between Mr. Brown and State Farm is a bar to any future lawsuit for damages arising out of the automobile accident. The language of the release was clear and unambiguous, and since Mr. Brown has failed to allege any specific facts which would justify setting aside the release, he is bound by its terms. Plaintiff further argues on appeal that the release was rushed and should be set aside for want of sufficient consideration. Mr. *942 Brown, however, did not raise this issue at trial and in failing to do so waived his right to have it heard on appeal. Even if it had been raised at trial, the compromise was made almost one month after the accident and fact that a bad bargain was made is not itself sufficient ground for invalidating a compromise. A transaction has the authority of things adjudged and cannot be attacked on account of lesion. La.C.C. Art. 3078. Saunders, 387 So.2d at 605; Howard v. Pan Am. Fire & Casualty Co., 240 So.2d 755, 758 (La.App. 2nd Cir.1970).
For the foregoing reasons, we affirm.
AFFIRMED.
NOTES
[1] Mr. Brown relies on the cases of Moak v. American Automobile Ins., 242 La. 160, 134 So.2d 911 (1961) and Wyatt v. Maryland Casualty Company, 160 So.2d 383 (La.Ct.App. 2nd Cir. 1964), in support of his argument that he was in error as to the subject matter of the release and therefore there was no mutual consent to the release of his claim for personal injuries. In these cases, the court set aside general releases because in each case the circumstances indicated the plaintiffs did not intend to fully settle their claim. However, the facts upon which these decisions were based are easily distinguishable from those of the present case. In Moak, there was no discussion with the insurance adjuster about the release of plaintiff's claim to personal injuries, and in fact the adjuster led the plaintiff to believe that the consideration being paid was for loss of personal property only. In Wyatt, the release was printed on the reverse side of a draft made payable to plaintiff and the repair shop which had performed needed repairs on plaintiff's automobile as a result of an auto accident. There was no discussion between the plaintiff and the insurance company's representative regarding a release of plaintiff's claims, and plaintiff signed the draft without knowledge of the existence or effect of the release.
[2] Mr. Brown submits on appeal an affidavit in which he swears that it was his belief that he signed a release from State Farm for property damage only for the sole consideration of $790.25. However, because this affidavit was given November 14, 1990, five days after the hearing on State Farm's motion for summary judgment, it will not be considered in determining whether summary judgment was appropriately granted.