IiWALTZER, Judge.
We granted certiorari to consider relator’s exception of res judicata which was denied by the trial court. For the following reasons, we reverse.
This litigation arises from a vehicular collision which occurred on January 13, 1995, in New Orleans East. The vehicle driven by plaintiff, Patricia Robbert, was rear-ended by a vehicle owned and operated by Gretchen Carroll. Following the accident, Ms. Rob-bert was seen and examined by two physicians. On February 1, 1995, approximately two weeks after the accident date, Ms. Rob-bert went to State Farm’s claims office to have the damage to her car appraised. Ms. Robbert spoke to a State Farm adjuster, who discussed the release of her personal injury claims with her. Before leaving State Farm’s office, Ms. Robbert settled her personal injury claims and executed a release in favor of Gretchen Carroll and State Farm for the consideration of $500.00, with the provision. that State Farm would pay up to $3,000.00 in future medical expenses incurred within 180 days of the signing of the release. After signing the release, Ms. Robbert promptly deposited the $500.00 check into her bank account. Subsequent to settling her personal injury claims, Ms. Robbert became ill with a viral infection and developed a neck condition that she now relates to the January 13, 1995, automobile accident. On January 12, 1996, Ms. Robbert filed suit against Ms. Carroll and State Farm, seeking to rescind the settlement and release agreement on grounds that the agreement was entered into under duress and that she was deceived into signing it. In response to the petition, Ms. Carroll and State Farm filed an exception of res judicata, which the trial court denied. Ms. Carroll and State Farm (“Relators”) seek supervisory writ review of the trial court’s denial of their exception of res judicata, which we grant.
The Louisiana Civil Code expressly provides that a transaction or compromise between two or more parties, who by mutual consent adjust them differences to prevent or resolve ajjlawsuit, carries force equal to the authority of adjudicated disputes. La. C.C. art. 3071; Brown v. Simoneaux, 593 So.2d 939 (La.App. 4 Cir.1992). The subsequent discovery by a claimant that an injury was more serious than initially believed does not entitle the claimant to rescind the settlement and release agreement. La. C.C. arts. 3071, 3079, 3083; Jurado v. State Farm Mut Ins. Co., 557 So.2d 266 (La.App. 4 Cir.1990). Article 3083 specifically provides that when parties settle disputes, issues that arise subsequent to the settlement do not give rise to grounds for rescission, unless the issues were *1105 purposely concealed by one of the parties to the settlement agreement.
Although this Court invalidated a settlement and release agreement in Saunders v. NOPSI, 387 So.2d 603 (La.App. 4 Cir.1980), writ denied, 394 So.2d 614 (La.1980), Saunders is inapplicable to this case. In Saunders, this Court invalidated a settlement and release agreement based on the fact that both the claimant and the insurer mistakenly believed that the claimant had properly been examined by a physician, when in fact no thorough examination had occurred. Rather, the Saunders ’ plaintiff was “examined” by a physician in the insurer’s medical department. The insurer’s doctor stood across the room and never touched the plaintiff. Instead, the doctor told the plaintiff to raise her arms over her head and asked if it was painful. Based on this cursory exam, the doctor diagnosed a minor muscle bruise, which he reported to both the insurer and the plaintiff. Relying on this diagnosis, plaintiff released her claim in exchange for $100.00. Later, plaintiffs pain continued and she consulted other physicians who diagnosed a pre-existing bursitis aggravated by trauma.
Unlike the facts in Satmders, Ms. Robbert was seen and treated by two physicians prior to signing the release in question. Further, the language of the settlement and release agreement is clear and unambiguous and Ms. Robbert admits that she read, understood and signed the agreement. As Judge Bag-neris pointed out in his ruling, Ms. Robbert is “no novice” and “certainly understands English”. In fact, Ms. Robbert is highly educated and has two masters degrees; one in physics. Judge Bagneris also noted that, “the document is in bold print ... We’re not dealing with someone who is having a problem with the language ... this is not a foreign language ... the document says what it says.”
I «Based on the facts brought forth through the testimony and evidence at the hearing of the exception of res judicata, this Court grants Relator’s writ application. Ms. Rob-bert can not try to bypass her agreement with State Farm by claiming that she is illiterate or unsophisticated. Just because Ms. Robbert subsequently learns that she may have incurred more severe injuries as a result of the accident then she initially thought, this alone does not give grounds to rescind the agreement.
Accordingly, we reverse the trial court ruling, grant relator’s exception of res judicata and dismiss plaintiffs suit with prejudice.

REVERSED AND RENDERED.