| JEAN BAPTISTE CASIMIR GRAUGNARD, II | * | NO. 2022-C-0252 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| OLIVIA GRAUGNARD | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-2225, DIVISION "K"
Honorable Bernadette D'Souza, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Paula A. Brown, Judge Pro Tempore Lynn Luker)


Rebecca Gilson
SEALE & ROSS, P.L.C.
200 North Cate Street
Hammond, LA 70401

Nicole Roberts Dillon
SEALE & ROSS, P.L.C.
200 North Cate Street
Hammond, LA 70401

    COUNSEL FOR RELATOR



Kim Ngan Nguyen
HOFFMAN NGUYEN & KUEHL
541 Julia Street, Suite 200
New Orleans, LA 70130

Gordon J. Kuehl
HOFFMAN NGUYEN & KUEHL
541 Julia Street, Suite 200
New Orleans, LA 70130

Mitchell J. Hoffman
LOWE STEIN HOFFMAN ALLWEISS & HAUVER, L.L.P.

701 Poydras Street, Suite 3600
New Orleans, LA 70139-7735

COUNSEL FOR RESPONDENT

**WRIT GRANTED; RELIEF DENIED**
**JUNE 9, 2022**

*TFL*

*PAB*

*LML*

In this custody modification case, the relator, Olivia Graugnard, seeks supervisory review of the trial court's judgment sustaining the peremptory exception of *res judicata* filed by the respondent, Jean Baptiste Casimir Graugnard.

In connection with a child custody and divorce suit initiated by Mr. Graugnard, Ms. Graugnard filed a Petition for Protection from Abuse. The trial court dismissed the Petition for Protection from Abuse with prejudice by consent of the parties and issued a consent judgment stipulating custody arrangements. Ms. Graugnard later filed a request to modify custody based on allegations of abuse raised in her original petition as well as new allegations of abuse. In response, Mr. Graugnard claimed an exception of *res judicata*. The trial court sustained Mr. Graugnard's exception and Ms. Graugnard now seeks review of the judgment.

We find that *res judicata* bars Ms. Graugnard from relying on the abuse alleged within her dismissed Petition for Protection from Abuse because the dismissal was a valid, final judgment between the same parties, her request for

1

custody existed at the time of the first judgment, and the request arises from the same factual circumstances and occurrences that were the subject matter of the first litigation.  For these reasons, we grant the writ, but deny relief.  Ms. Graugnard may pursue relief in regards to the new allegations of abuse, as these allegations have not hitherto been adjudicated.

## FACTUAL & PROCEDURAL HISTORY

During divorce proceedings initiated by Mr. Graugnard, Ms. Graugnard filed a Petition for Protection from Abuse.  Within her petition, Ms. Graugnard alleged various instances of physical, sexual, and emotional abuse.  After a hearing on Ms. Graugnard's petition, the parties consented to dismissal, with prejudice, of the Petition for Protection from Abuse.  The trial court then issued a consent judgment ordering, *inter alia*, that Mr. Graugnard would stay one-hundred yards away from Ms. Graugnard at all times and would not stalk her.

The consent judgment also settled custody matters between the parties.  Joint custody of the four minor children was granted, with Ms. Graugnard as the domiciliary parent.  Mr. Graugnard received supervised visitation for six months, until a therapist for the children adjudged unsupervised physical custody to be acceptable.  Upon completion of the six months of supervised visitation, another consent judgment was issued by the trial court allowing Mr. Graugnard unsupervised physical custody of the minor children.

On March 18, 2022, Ms. Graugnard filed a Rule to Show Cause for Modification of Legal Custody, Supervised Visitation and Rule for Contempt with

Incorporated Memorandum in Support. Ms. Graugnard alleged that circumstances had materially changed since the consent judgment and that a modification of joint custody was now warranted. To demonstrate a change of circumstances, Ms. Graugnard specified new instances of alleged threats and harassment. She further argued that these instances fit into a pattern of behavior commonly used by perpetrators of domestic violence to harass and intimidate their victims. As a part of this argument, she contended that the voluntary dismissal of her earlier Petition for Protection from Abuse did not prevent her from presenting her ex-husband's prior behavior in conjunction with his new, present acts as a basis for a request to modify custody. Ms. Graugnard's arguments relied, in part, on the Post-Separation Family Violence Relief Act, contained within La. R.S. 9:362 *et seq*.

Mr. Graugnard responded by pleading an exception of *res judicata*, stating that Ms. Graugnard is barred from re-litigating claims of abuse previously adjudicated in her dismissed Petition for Protection from Abuse. Following a hearing, the trial court sustained Mr. Graugnard's exception of *res judicata* on the request for any and all relief under La. R.S. 9:362, *et seq*. Ms. Graugnard now seeks supervisory review of the trial court's judgment.

## DISCUSSION

### *Standard of Review*

"The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct." *Interdiction of Hunter*, 18-0685, p. 2 (La. App. 4 Cir. 12/19/18), 318 So. 3d 784,

786-87 (citing *Myers v. Nat'l Union Fire Ins. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So. 3d 207, 210). The "doctrine of res judicata is *stricti juris* and, accordingly, any doubt concerning the applicability of the principle must be resolved against its application." *Id.* 18-0685, p. 2, 318 So. 3d at 787 (citing *Myers*, 09-1517, p. 5, 43 So. 3d at 210.)

*Res judicata* prevents the re-litigation of "claims and issues arising out of the same factual circumstances when there is a valid final judgment." *Hunter*, 18-0685, p. 3, 318 So. 3d at 787 (citation omitted). Pursuant to La. R.S. 13:4231, a valid and final judgment is conclusive, except upon direct review, under the following circumstances:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Res judicata precludes a second action if five factors are met:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

*Burguieres v. Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053.

***Assignment of Error***

4

The relator, Ms. Graugnard, submits that the trial court erred in granting the Exception of Res Judicata and preventing her from establishing a history of domestic violence after she proved a material change in circumstances since the earlier consent judgment.

Ms. Graugnard argues that in seeking a modification of a custody decree in a stipulated judgment, she must prove a material change in circumstances since the decree was entered and show that the requested modification is in the best interests of the child. *Evans v. Lungrin*, 97-0541, p. 13 (La. 9/21/15); 708 So. 2d 731, 738 (citing *Hensgens v. Hensegens*, 94-1200, p. 6 (La. App. 3 Cir. 3/15/95); 653 So. 2d 48, 52).

La. C.C. art. 134(B) lays out the factors to be considered in determining the best interests of a child in cases involving a history of family violence and provides:

> In cases involving a history of committing family violence, as defined in R.S. 9:362, or domestic abuse, as defined in R.S. 46:2132, including sexual abuse, as defined in R.S. 14:403, whether or not a party has sought relief under any applicable law, the court shall determine an award of custody or visitation in accordance with R.S. 9:341 and 364. The court may only find a history of committing family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.

La. R.S. 9:364(A) creates a presumption that no parent "who has a history of perpetrating family violence, as defined in R.S. 9:362 . . . shall be awarded sole or joint custody of children." Under La. R.S. 9:362(4), "family violence" is defined to include, but not be limited to, physical or sexual abuse and offenses against the

person governed by the Criminal Code of Louisiana, except defamation or negligent injuring.

The relator contends that the instances of abuse alleged to have occurred subsequent to the consent judgment present a material change in circumstances, and, that in order to protect the best interests of the child, she has the right to present the respondent's history of family violence under La. R.S. 9:364(A) and La. R.S. 9:362(4).

The respondent disputes this position and states that *res judicata* barred the re-litigation of any earlier allegations of abuse because all five *res judicata* factors are met. The first requirement for *res judicata* to apply is that the judgment must be a valid one. *Burguieres*, 02-1385, p. 8, 843 So. 2d at 1053. A "valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Id.* In the matter *sub judice*, the consent judgment dismissing the Petition for Protection from Abuse was rendered by the Civil District Court for the Parish of Orleans. Pursuant to La. R.S. 13:1140(A)(1), the Civil District Court for the Parish of Orleans is vested with subject matter jurisdiction over actions for divorce, custody, and all matters incidental to these proceedings. There is no dispute regarding the existence of personal jurisdiction for both parties, who resided in Orleans Parish at the initiation of the divorce suit and continue to do so. There is also no dispute regarding proper service and notice.

The second requirement for *res judicata* to apply is that the judgment must be final. This Court has held that judgments awarding custody are always subject to modification and are never final. *Kaptein v. Kaptein*, 19-0784, p. 3 (La. App. 4 Cir. 1/22/20), 289 So. 3d 1198, 1200 (quoting *Kleiser v. Kleiser*, 619 So. 2d 178, 179 (La. App. 3rd Cir. 1993). The relator is not precluded from attempting to modify the custodial arrangements contained within the consent judgment. The respondent concedes that the respondent is free to file for a modification of custody based on any abuse alleged to have occurred after the consent judgment. However, while the custody determinations may be revisited, the narrow issue before this Court is whether the relator is entitled to demonstrate a history of family violence which includes allegations dismissed, with prejudice, as part of the consent judgment.

A judgment is final if it "disposes of the merits in whole or in part." *Burguieres*, 02-1385, p. 8, 843 So. 2d at 1053 (citing *Avenue Plaza, L.L.C. v. Falgoust*, 96-0173, p. 6 (La. 7/2/96), 676 So. 2d 1077, 1080). The abuse allegations were wholly dismissed, and thus disposed of the merits of the Petition for Protection from Abuse in whole.

Additionally, this Court has held that "[t]he Louisiana Civil Code expressly provides that a transaction or compromise between two or more parties, who by mutual consent adjust their differences to prevent or resolve a lawsuit, carries force equal to the authority of adjudicated disputes." *Robbert v. Carroll*, 97-0854, pp. 1-2 (La. App. 4 Cir. 9/10/97), 699 So. 2d 1103, 1104 (citing La. C.C. art. 3071;

7

*Brown v. Simoneaux*, 593 So.2d 939 (La. App. 4 Cir.1992)). La. C.C. art 3071 explicitly provides that a compromise between parties acts to "settle a dispute or an uncertainty concerning an obligation or other legal relationship." Furthermore, such compromise "precludes the parties from bringing a subsequent action based upon the matter that was compromised." La. C.C. art 3080. Therefore, the dismissal of the Petition for Protection from Abuse, as part of the negotiated consent judgment, was a final judgment.

The third requirement for *res judicata* to apply is that the parties must be the same. *Burguieres*, 02-1385, p. 8, 843 So. 2d at 1053. This requirement has been interpreted to mean that the parties "appear in the same capacities in both suits." *Id.*, 02-1385, p. 10, 843 So. 2d at 1054. As the relator and respondent are appearing in the present action in their same individual capacities as parents of the minor children, this requirement has been met.

The fourth requirement in the application of *res judicata* is that the cause of action asserted in the second suit existed at the time of the final judgment of the first litigation. *Id.*, 02-1385, p. 8, 843 So. 2d at 1053. In the first litigation, the relator sought protection from abuse on behalf of herself and her minor children. The consent judgment reflects that the relator dismissed her claims for protection from abuse and negotiated for a custodial arrangement with some established protections, including stay-away requirements and supervised visitation. In this second litigation, the relator urges the Court to re-examine custody based on, in part, a history of abuse that existed at the time of the first litigation. An action for

8

custody based on prior allegations of abuse not only existed at the time of the final judgment, it was pursued, dismissed, and resolved through the negotiation of protections for the relator and the minor children. For that reason, the fourth requirement for *res judicata* to apply has been met.

The fifth requirement for *res judicata* to apply is that the cause of action asserted in the second suit must arise from the same transaction or occurrence that was the subject matter of the first litigation. *Id.*, 02-1385, p. 8, 843 So. 2d at 1053. In the Rule to Show Cause for Modification of Legal Custody, Supervised Visitation and Rule for Contempt, the relator requested a determination that the respondent has a history of family violence.

In support of her request, she alleged that significant abuse occurred during the marriage and that this abuse prompted her to file the Petition for Protection from Abuse. The relator also submitted six new occurrences of abuse alleged to have occurred since the dismissal of the Petition for Protection from Abuse. The relator requested that the trial court evaluate these new occurrences in the context of the respondent's history of abusive behavior, as documented in the Petition for Protection from Abuse. Thus, the relator's second cause of action asserting a history of abuse arises from the same occurrences of abuse which were expressly raised as the subject matter of the dismissed petition. Consequently, the fifth requirement for the application of *res judicata* is also met.

Moreover, the Louisiana Supreme Court established controlling authority on this issue. In *Hoddinott v. Hoddinott*, the Supreme Court directly addressed the

9

question of whether a party who voluntarily dismissed allegations of abuse in a divorce proceeding may be barred from future litigation on those same allegations of abuse. *Hoddinott v. Hoddinott*, 18-1474, p. 1 (La. 12/17/18), 258 So. 3d 588. In *Hoddinott*, the defendant filed for divorce and the plaintiff filed a reconventional demand alleging abuse. *Hoddinott v. Hoddinott*, 17-0841, p. 1 (La. App. 4 Cir. 8/1/18) 253 So. 3d 233, 235. The parties ultimately finalized a consent judgment dismissing the allegations of abuse with prejudice. *Id.*, 17-0841, p. 2, 253 So. 3d at 235. The plaintiff later sued the defendant in tort, alleging the same instances of abuse as set forth in the reconventional demand, as well as four instances alleged to have occurred prior to the consent judgment being signed. *Id.* The defendant filed an exception of *res judicata*, which the trial court granted. *Id.*, 17-0841, p. 3, 253 So. 3d at 236.

This Court reversed, and found that exceptional circumstances justified relief from *res judicata* in relation to the consent judgment, citing the fact that the plaintiff was procedurally barred from raising her tort action during the domestic litigation and barred by state statute from suing the defendant for tort damages at the time the consent judgment was entered into. *Id.*, 17-0841, pp. 13-15, 253 So. 3d at 242-43.

Upon review, the Supreme Court reversed, holding that *res judicata* operated to bar the plaintiff's new lawsuit because the present claim "is based on the same allegations of domestic abuse that she voluntarily dismissed with prejudice in the consent judgment." *Hoddinott*, 18-1474, p. 1, 258 So. 3d at 588.

10

The Supreme Court further noted that the consent judgment contained compromises, including a "substantial sum" for rehabilitative spousal support, and was negotiated for the plaintiff by competent counsel. *Id.*

The relator's procedural posture in the present case is similar to that of the plaintiff in *Hoddinott*. In this matter, as in *Hoddinott*, the relator voluntarily dismissed her claims of abuse and filed a subsequent claim based on, in part, allegations of abuse already dismissed as part of the consent judgment. The consent judgment contained protections for the relator in the form of orders that the respondent stay one-hundred yards from the relator at all times and a requirement for respondent's visits with the children to be supervised for six months. Unlike in *Hoddinott*, the relator does not plead that exceptional circumstances prevent the operation of *res judicata*. Instead, the relator argues that a material change in circumstances due to new allegations of abuse requires the Court to consider the earlier allegations of abuse. The relator cites to no relevant law that would permit this bypass of *res judicata*.

The relator's present cause of action existed at the time of the valid, final judgment in the first litigation, and arises, in part, from the same factual circumstances and occurrences that were the subject matter of the first litigation. The relator is barred by *res judicata* from raising the allegations within the Petition for Protection from Abuse in her present action.

However, the new allegations of abuse, which were not in existence at the time the relator filed her Petition for Protection from Abuse, have not been

previously adjudicated by the trial court.  The relator possesses a right to pursue relief as to these new claims.

## CONCLUSION

Accordingly, the writ is granted and relief is denied.

**WRIT GRANTED; RELIEF DENIED**